[Civ. No. 142.   First Appellate District.—August 24, 1906.]

MICHAEL J. RODRIGUE, Respondent, v. JOHN W. ROGERS, P. H. McCARTHY, and GEORGE H. BAHRS, Civil Service Commissioners of City and County of San Francisco, Appellants.

SAN FRANCISCO CHARTER—CONSTRUCTION—CIVIL SERVICE—REGULAR APPOINTMENTS OF CLERKS—REMOVAL ONLY FOR CAUSE—EXPIRATION OF TERM—NEW EXAMINATION.—Sections 10 and 12 of article XIII of the San Francisco charter, providing for regular appointments of clerks, after probation, and that no regular appointee shall be removed except for cause after written charges and hearing, are to be construed with other provisions of the charter fixing the regular term of appointment, and a regular appointee in any department is thus protected only during his term, after the expiration of which he is to be deemed no longer an employee, and may be subjected to a new examination and again appointed according to the relative excellence of his new standing, without regard to priority of examination.

ID.—APPOINTMENT BY HEAD OF DEPARTMENT, UPON CERTIFICATION—SINGLE TERM.—The charter does not provide that a regularly appointed clerk who has been appointed as such in any department becomes entitled, after the expiration of his term therein, to hold a similar or any position in any other office or department of the municipal government; but it is clear that the head of each department may appoint his own subordinates and assistants, after requisition by him and certification by the civil service commission.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, annulling action of the

4 Cal. App.—17

civil service commissioners upon writ of review. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

P. V. Long, City Attorney, and John T. Morris, Assistant City Attorney, for Appellants.

Charles W. Slack, for Respondent.

HALL, J.—Plaintiff filed in the superior court of the city and county of San Francisco his petition for a writ of review as to certain proceedings taken by the civil service commissioners of the city and county of San Francisco, and upon the return thereto and hearing thereon judgment was rendered, annulling the action of the civil service commissioners in the respect complained of, and this appeal is from such judgment.

In the month of February, 1900, the civil service commissioners, in accordance with the provisions of the charter of the city and county of San Francisco, classified all the places of employment in or under the officers and departments of the said city and county mentioned in section 11 of article XIII of the charter, with reference to the examinations provided for by said article. Among the classes established was one designated as "Ordinary Clerks," from which the extra clerks authorized by the charter to be appointed by certain officers are to be selected. Subsequently in June, 1900, an examination was held for "Ordinary Clerks," which was taken by plaintiff, and as a result his name was placed upon the register of eligibles for appointment as "Ordinary Clerk." Subsequently, September 19, 1900, the board of election commissioners, in accordance with the provisions of the charter, requested the civil service commissioners to certify to the department of elections the names and addresses of persons standing highest upon the register of eligibles. Plaintiff's name and one other were certified, and he was appointed to a position in the department of elections on the twentieth day of September, 1900, and continued to perform the duties thereof until the thirteenth day of October, 1900, when his duties in the said department of elections were fully performed and completed. It is alleged in the petition, "that

the plaintiff, since his said certification and appointment, has performed, when his services 'as such 'Ordinary Clerk' have been required, the duties of such 'Ordinary Clerk,' in said department, in the office of the tax collector and in the office of the auditor''; but by the return to the writ it appears that each employment has been by virtue of a new certification and appointment.

In May, 1903, another examination for applicants for positions as ordinary clerks was held, and thereafter the names of the successful applicants at the second examination were placed upon the register of eligibles with the names of those who had successfully passed the first examination, all the names of applicants—those passing the first and those passing the second examination—being placed on the one register of eligibles in the order of the relative excellence of their examinations without regard to priority of examinations. It is this action of the civil service commissioners that is complained of by plaintiff. His name on the consolidated register came lower than on the first register, and his contention is that by virtue of his appointment to a position he was removed from the register of eligibles, and became a permanent employee of the city in the position of "Ordinary Clerk." This contention was sustained by the trial court, and the correctness of this action is now before us for review.

Section 2 of article XIII of the charter provides that "The commissioners shall classify all the places of employment in or under the offices and departments of the city and county mentioned in section eleven of this article, with reference to the examinations hereinafter provided for. The places so classified by the commissioners shall constitute the classified civil service of the city and county, and no appointment to any such place shall be made except according to the rules hereinafter mentioned."

Section 7 of the same article provides that "From the returns of the examiners, or from the examinations made by the commissioners, the commissioners shall prepare a register for each grade or class of positions in the classified service of the city and county of the persons whose general average standing upon examination for such grade or class is not less than the minimum fixed by the rules of the commissioners and who are otherwise eligible. Such persons shall take rank upon the register as candidates in the order of their rela-

tive excellence, as determined by examination, without reference to priority of time of examination.''

Section 9 of the same article provides: ''The head of the department or office, in which a position classified under this article is to be filled, shall notify the commissioners of that fact, and the commissioners shall then certify to the appointing officer the name and address of one or more candidates, not exceeding three, standing highest upon the register for the class or grade to which the position belongs, but laborers shall be taken according to their priority of application. . . .''

Section 10 of the same article is as follows: ''The appointing officer shall notify the commissioners of each position to be filled separately, and shall fill such position by the appointment of one of the persons certified to him by the commissioners therefor. Such appointment shall be on probation for a period to be fixed by the rules of the commissioners; but such rules shall not fix such period at exceeding six months. The commissioners may strike off names of candidates from the register after they have remained thereon more than two years. At or before the expiration of the period of probation, the head of the department or office in which a candidate is employed may, by and with the consent of the commissioners, discharge him upon assigning in writing his reason therefor to the commissioners. If he is not then discharged his appointment shall be deemed complete. To prevent the stoppage of public business, or to meet extraordinary exigencies, the head of any department or office may, with the approval of the commissioners, make temporary appointments, to remain in force not exceeding sixty days, and only until regular appointments, under the provisions of this article, can be made.''

The period of probation provided for in the above section was fixed by the commissioners at six months.

Section 12 provides that, ''No deputy, clerk or employee in the classified civil service of the city and county, who shall have been appointed under said rules, shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense.''

The plaintiff contends that by having been appointed to a position as ''ordinary clerk'' in the department of elections he becomes such an employee as could only be removed in the

manner provided for in the above-quoted sections, and that the action of the civil service commissioners in placing his name upon the list of eligibles according to the excellence of his examination, without regard to the priority of the examination, was in violation of his rights and of the said provisions of the charter.

To properly interpret the foregoing sections, especially sections 10 and 12, they must be read in connection with other sections of the charter. At the outset of our examination of the charter we find that there is no such position as "Ordinary Clerk" known to the charter. The term "Ordinary Clerk" is used by the civil service commissioners to designate an arbitrary class established by them, from which various extra clerks allowed to various officers and departments must be appointed. A further examination of the charter discloses that various positions are provided for, which by the law of their creation are not continuous or permanent, but are intended by the law to be for limited periods.

Thus, article XI provides for the organization of the department of elections, and after providing for the appointment of a registrar of voters, it is in section 4 thereof provided as follows: "The board may appoint such other clerical assistants as may be necessary, at a salary not to exceed $100 a month each for the time actually employed. The board shall, by resolution adopted by a majority vote of all its members and entered upon its minutes, designate the service to be rendered by such assistants and the time for which they shall be employed. The time of employment of such assistants shall not be extended except by like resolution of the board, and when a salary shall have been once fixed it shall not be increased. This section is subject to the provisions of article XIII of this chapter."

The appointment pleaded in plaintiff's petition was an appointment as one of the clerical assistants provided for in the above section. No other positions are provided for in the department of elections, except that of registrar. If the law was complied with, the resolution authorizing the employment of plaintiff in the department of elections limited the time of his employment. When that time expired it is difficult to see why his employment did not end. He was not discharged in violation of any provision of the civil service pro-

visions of the charter, but the term of his employment or office expired by the law of its creation.

There is no warrant in the charter for the position that by an appointment to a position in the department of elections plaintiff became entitled to hold a similar or any position in any other office or department of the municipal government. On the contrary it is perfectly apparent that the head of each department may appoint his own subordinates and assistants, after requisition by the head of such department and certification by the civil service commissioners.

Plaintiff pleaded that after his appointment to the position in the department of elections, and after his duties therein were fully performed and completed, and, as we must assume, after the expiration of his term of employment as fixed by the resolution authorizing his employment, he performed the duties of "Ordinary Clerk" in the department of elections, in the office of the tax collector and in the office of the auditor; but by the return to the writ it appears that he performed such duties by virtue of separate appointments following requisitions and certifications as required by the civil service provisions of the charter. As we have already seen, he could not under the charter perform duties in either the office of the tax collector or auditor by virtue of any appointment by the department of elections. There is no such position under the charter as "Ordinary Clerk," that may be floated from department to department. The charter authorizes the tax collector to appoint one chief deputy, one cashier and fifteen deputies; "and extra clerks who shall be paid at the rate of not more than one hundred dollars a month during the time of their employment" (art. IV, c. V, sec. 1, charter of San Francisco). This clearly indicates that the term of employment of such extra clerk is limited and not continuous or permanent. Besides various deputies the auditor "may employ such number of extra clerks during the time their services may be necessary for the lawful discharge of his official duties, as the board of supervisors may designate. Such extra clerks shall each receive a salary not to exceed $100 a month for the time they shall be actually employed" (art. IV, sec. 2, c. II, charter). Here again the positions are created of limited duration. It was to such positions only that plaintiff was appointed.

The assessor is also authorized to employ during four months of each year one hundred clerks "who shall each be paid at the rate of not more than $100 a month during the time of their employment."

These various extra clerks were appointed from the class designated as "Ordinary Clerks" in the classification adopted by the commissioners; and by the method adopted by the commissioners when the term of employment ended, or the services of such clerk were no longer required, he was treated as no longer an employee, and his name was again placed on the register of candidates according to the relative excellence of his examination, without regard to the priority of the examination.

We think this course of action accords with the letter and spirit of the civil service provisions of the charter. It makes a workable system.

Plaintiff has not been discharged in violation of any provision of the charter or discharged at all. He was employed for a limited term, and upon the expiration of the term of his employment he ceased to hold office or to be an employee of the municipality. By again placing his name on the register of candidates according to the relative excellence of his examination, without regard to the priority of the examination, the commissioners complied with the charter (art. XIII, sec. 7), and accorded to plaintiff his full rights.

The judgment is reversed.

Harrison, P. J., and Cooper, J., concurred.