### DUNNE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

MUNICIPAL CORPORATIONS—EMPLOYÉS—VOLUNTEER FIREMAN—PREFERENCES—DISCHARGE.

 Where plaintiff, a veteran volunteer fireman, after having passed the civil service examination, and thereby acquired the right to certain preferences of appointment and employment by the city of New York, as provided by Laws 1898, p. 444, c. 184, was appointed by the department of parks as inspector of masonry, he did not thereby become an officer of the department, entitled to salary whether there was work for him to do or not, but was an employé, whose services the department was entitled to dispense with for lack of work or funds, etc., in the absence of an application for a transfer to another department.

Appeal from Trial Term, New York County.

Action by Matthew E. Dunne against the city of New York. From a judgment dismissing the complaint at the close of plaintiff's case, he appeals. Affirmed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, HOUGHTON, and SCOTT, JJ.

George W. Elkins, for appellant.
Theodore Connoly, for respondent.

SCOTT, J. The plaintiff is a veteran volunteer fireman of the village of Greenbush in this state and as such entitled to a certain prefer-

ence in appointment and employment under chapter 184, p. 444, Laws 1898. In July, 1896, he passed the necessary civil service examination, and was placed upon the eligible list for inspector of masonry in the city of New York. On October 3, 1896, he received an appointment from the department of parks as inspector of masonry, and was assigned to work on the Speedway, where he remained employed until July 15, 1898, when he was notified that "on account of completion of work" his services would no longer be required. In his complaint he alleges that he was thereby "unjustly and wrongfully dismissed and discharged." On August 1, 1898, he was reinstated and assigned to work and did work and was paid for his services until September 9, 1898, when he was again discharged "on account of completion of work." He performed no further work for the defendant until August 7, 1899, when he was again reinstated and assigned to work for which he was paid. On December 29, 1899, he was again discharged "on account of the completion of the work upon which you have been assigned." He performed no further service for the city until June 13, 1900, when he was again reinstated and assigned to work, upon which, so far as appears, he is now engaged. This action is brought to recover the wages or salary attached to the position of inspector of masonry, for the several periods during which he was under removal, and performed no work for the city. It is alleged, as was the fact, that none of his removals or dismissals were upon charges after a hearing, but it is not denied that in each case the cause stated for his removal, to wit, that the work upon which he was engaged had been completed, was the true reason and according to the fact. Nor was it alleged or proven that the park department was engaged in erecting during any of these periods any masonry work requiring the services of an inspector, or that any other such inspectors were employed in preference to him, or at all.

In effect his contention is that, upon his first appointment as inspector of masonry in the park department, he became an officer of the department entitled to receive the salary attached to that position, whether there was any work for him to do, and which he did do, or not, and that the mere fact that the department was engaged in no work for which his services were required furnished no ground for his discharge. The defendant, on the contrary, insists that plaintiff's relation to the city is merely the contractual one of an employé, and that, as has been held in a multitude of cases, the services of such an employé may be dispensed with at any time, either for lack of work, or for lack of funds, without the necessity of charges and a hearing. Eckerson v. City of New York, 80 App. Div. 12, 80 N. Y. Supp. 168. The very statute under which plaintiff claims a preference plainly contemplates that a beneficiary under it would not be retained in his office or position, if there be no work for him to do, as it provides that, "if the position so held by the * * * volunteer fireman shall become unnecessary, or be abolished for reasons of economy or otherwise," the beneficiary of the act shall be retained in the public service and transferred to some other department, a form of relief for which plaintiff does not apply. The very term "inspector of masonry" implies that the services of the person holding the position will be required

only when there is masonry work in course of construction, and there is no presumption, and in this case no proof, that the park department was constantly engaged in such work.

The defendant concedes in the fullest way that the plaintiff, under the statute cited, is entitled to a preference in appointment and retention in the public service; that he must be the first to be appointed or promoted, and, in case of a reduction of the force, the last to go. But it insists, and with reason, that plaintiff holding a position in which his usefulness and availability is, in the nature of things, dependent upon the existence of a cause for his employment, may lawfully be discharged when the reason for his employment ceases, reserving the right, of which plaintiff does not complain that he has been deprived, of a preference for reappointment when occasion for the services of employés of his class shall again arise. In the case of an official holding a position somewhat similar to that of plaintiff, although more permanent and continuous with respect to the nature of its duties, i. e., superintendent of sidewalks and sidewalk repairs, it has recently been held by the Appellate Division in the Fourth Department that, in the absence of an unequivocal, clear, and certain designation of the plaintiff as a municipal officer, he was merely an employé holding a contractual relation to the city. Grieb v. City of Syracuse, 94 App. Div. 133, 87 N. Y. Supp. 1083. The same view was taken of the position of an inspector of regulating and grading streets in this city. Meyer v. Mayor, etc., 69 Hun, 291, 23 N. Y. Supp. 484. The plaintiff, in Emmitt v. Mayor, etc., 128 N. Y. 117, 28 N. E. 19, much relied upon by plaintiff, held an office created by statute, and was employed upon a work involving, from its very nature, the constant and continuous employment of inspectors of masonry. Furthermore, no question was raised or passed upon as to the authority of the aqueduct commissioners to remove him; the case hinging upon an attempted suspension. O'Hara v. City of New York, 46 App. Div. 518, 62 N. Y. Supp. 146, went further than any other case has done in investing with the dignity of an office a person holding a position commonly classed among those held by employés, but even in that case the nature of the employment implied constant and continuous service. In People ex rel. Kenny v. Folks, 89 App. Div. 171, 85 N. Y. Supp. 1100, it was assumed that relator held an office, and that point was neither discussed nor decided.

Our conclusion is that plaintiff held no office to which a salary was attached as an incident, but was an employé who could be rightfully dismissed, whenever, for lack of work, his services became unnecessary.

It follows that the judgment should be affirmed, with costs. All concur.