(92 Misc. Rep. 291)

　　RANDOLPH v. SMITH, Commissioner of Docks and Ferries, et al.

　　(Supreme Court, Special Term, New York County. March 19, 1915.)

1. MUNICIPAL CORPORATIONS ☞218—EMPLOYÉS—CIVIL SERVICE—RIGHTS OF VETERAN.

　　Where relator, a veteran, was appointed captain in the municipal ferry service and assigned to a particular ferry, and was not appointed to the position of captain of such particular ferry, upon abolition of a number of positions in the service the commissioner of docks and ferries had the right to abolish relator's position and to assign another captain to his ferry, since it was within the commissioner's discretion which persons holding the position of captain he would retain while reducing the force.

　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 589–598; Dec. Dig. ☞218.]

_____

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. MANDAMUS ⊜�377154—PLEADING—PETITION.
    Where a veteran, appointed captain in the municipal ferry service and assigned to a particular ferry, had his position abolished, and sought mandamus to compel reinstatement, his petition therefor alleging that he was appointed to the position of captain of the particular ferry, and that such position was not abolished, in the absence of real dispute as to the facts of the case, such allegations of the petition would be regarded only as conclusions, not entitling relator to a trial on the issue as to whether he was appointed generally to the force or to the particular ferry.
    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 296–316; Dec. Dig. ⊜�377154.]

3. MUNICIPAL CORPORATIONS ⊜�377218—EMPLOYÉS—CIVIL SERVICE—TRANSFER OF VETERAN.
    Where the papers of a veteran, appointed captain in the ferry service, whose position was abolished, seeking transfer to another position, which he was qualified to fill, failed to show that such a position was vacant, relator was not entitled to be transferred, since in such case it is incumbent upon him to show the vacancy.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 589–598; Dec. Dig. ⊜�377218.]

In the matter of the application of Samuel Randolph against Robert A. C. Smith, as Commissioner of Docks and Ferries of the City of New York, and the City of New York. Motion for a peremptory or alternative writ of mandamus requiring defendants to reinstate petitioner to the position of captain in the municipal ferry service. Motion denied.

John E. O'Brien, of New York City, for petitioner.
Frank L. Polk, Corp. Counsel, of New York City (Elliot S. Benedict, of New York City, of counsel), for defendants.

LEHMAN, J. It appears that the relator, a veteran fireman, was in November, 1909, appointed a captain in the department of docks and ferries, and was assigned as captain to the Stapleton division. On December 17, 1913, he was notified that for lack of work and to reduce the force of employés the commissioner of docks and ferries directed that the relator be laid off at the close of the day, December 31, 1913. It further appears that by reason of the reduction in the appropriations for the maintenance of the ferry service the commissioner had been obliged to put some ferries out of commission and to lay off several captains. He did not stop running the ferry on which the relator was employed, but he took a captain from another ferry, which had been stopped, and gave to him the duties which the relator had previously performed. The captain now performing these duties is not a veteran nor a fireman. The relator, upon these facts, moves for a writ of mandamus, requiring the respondent to reinstate the petitioner to his position or to assign him to a position equally good.

[1-3] It has recently been decided by the Court of Appeals in the case of People ex rel. Davison v. Williams, 213 N. Y. 136, 107 N. E. 49, that a veteran fireman is not entitled to be retained in service in preference to other persons when it becomes necessary to reduce the number of persons in that position. In my view that decision dis-

poses of the question before me. The relator was not appointed to the position of captain of a specific ferry, but was appointed a captain and assigned to that ferry. When the commissioner abolished a number of positions of captain, he had a right to abolish the position of the relator. It was entirely within his discretion which persons holding that position he would retain, and so long as he did not at the same time appoint other persons to the positions of the captains laid off he in effect abolished their positions. The mere fact that another man in the same position was assigned to perform relator's duties does not show that the relator's position was not abolished, for the commissioner had the right to assign any person in the same position to perform this work.

It is claimed, however, that because the relator alleges in his petition that he was appointed to the position of captain of a particular ferry and alleges that such position was not abolished he is entitled to an alternative writ to try out this question. There is, however, no real dispute as to the facts in the case, and in view of these facts, these allegations of the petition should be regarded only as conclusions upon which the relator is not entitled to a trial. The relator further contends that at least he is entitled to be transferred to another position which he is qualified to fill. The moving papers, however, fail to show that such a position is vacant and "it is incumbent upon the relator to show such a vacancy." People ex rel. Forest v. Williams, 140 App. Div. 723, 125 N. Y. Supp. 583, and cases there cited.

Motion is therefore denied, with $10 costs.