[Civ. No. 2428. First Appellate District.—June 14, 1918.]

## CHARLES UHTE, Appellant, v. B. B. ROSENTHAL et al., Civil Service Commissioners, etc., Respondents.

MUNICIPAL CORPORATIONS—PROMOTION UNDER CIVIL SERVICE—NOTICE OF EXAMINATION—RATING "UPON MERITORIOUS ACTS"—SAN FRANCISCO CHARTER.—Under section 8 of article XIII of the charter of the city and county of San Francisco, providing for promotion under civil service based on "ascertained merit," the giving by the board of police commissioners of a notice of examination wherein it was said that rating would be "upon meritorious acts" does not show an intent not to promote on a basis of ascertained merit, since there is no distinction between the two terms.

ID.—CONDITION OF PROMOTION OF POLICEMEN—FILING OF WRITTEN CLAIM OF MERITORIOUS ACTS.—In arranging for promotion of policemen of the city and county of San Francisco, a member of the department could not complain that the commissioners required, as a condition to promotion, that a claim of meritorious acts in writing be filed and verified by the chief of police, since it was proper for the board to investigate the acts of policemen seeking promotion.

ID.—STATE CIVIL SERVICE ACT — ESTABLISHMENT OF RECORDS OF INDIVIDUAL EFFICIENCY—PROVISION INAPPLICABLE TO SAN FRANCISCO COMMISSION.—The provision of the State Civil Service Act (Stats. 1913, p. 1035) directing "the state commission to establish in all offices and places of employment records of individual efficiency of holders of positions in performing their duties," is not binding upon the Civil Service Commission of the city and county of San Francisco.

Id.—Striking of Names from Eligible List—Right of Civil Service Commissioners—Other Provisions not Conflicting.—The provision of section 10 of article XIII of the charter of the city and county of San Francisco permitting the Civil Service Commission to strike names from the eligible register after they have remained thereon more than two years is not in conflict with other charter provisions relating to civil service.

Id.—Applicability of Rule of Statutory Construction.—The rule that all parts of a statute must be construed so as to be effective applies to the construction of municipal charters.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. E. Crothers, Judge.

The facts are stated in the opinion of the court.

Edward F. Moran, for Appellant.

Percy V. Long, City Attorney, and Maurice T. Dooling, Jr., Assistant City Attorney, for Respondents.

BEASLY, J., *pro tem.*—The plaintiff is a policeman of the city and county of San Francisco. Pursuant to a civil service examination which he passed on January 22, 1910, his name was placed on the eligible list for promotion from policeman to corporal of the police force. He participated in another examination conducted by the respondents, who are members of the Civil Service Commission of the city and county, on January 8, 1916, and he brings this suit to enjoin the commission from removing his name and that of seven other policemen in whose interest he prosecutes this action from the existing eligible list for corporals, without notice and hearing, and to restrain the commission from examining and rating the papers of the applicants who participated in the examination of January 8, 1916, and from adopting an eligible list based on that examination.

It must be conceded that by the charter of San Francisco the civil service commissioners must provide for promotion in the classified service on the basis of ascertained merit and standing upon examination. (Charter, sec. 8, art. XIII; Stats. 1913, p. 1602.) It is contended by plaintiff, who is the appellant here, that the commission threatens to ignore the element of ascertained merit in placing names on the new eligible list for promotion. "The plan of promotion," says

appellant, "is fully outlined in the notice of examination, and nothing is said therein of an allowance in any way for ascertained merit of applicants, and the commission do not propose to make any such allowance."

In this notice, under the head of "Meritorious Public Service," it is provided that credits not exceeding twenty will be allowed for acts of merit as in the judgment of the commission may seem just and proper; eighty credits will be allowed for a clean record as a member of the department, subject to deductions, according to a carefully prepared and elaborate schedule, for exceeding authority, insubordination, neglect of duty, assault, cowardice, intoxication, and other minor offenses. The appellant seems to contend that meritorious acts, as used in connection with this notice of examination, are not equivalent to "ascertained merit" as used in the charter. But we can see no distinction between the meaning of those terms as used in the two instruments; and undoubtedly the purpose of those statements in the notice was to provide a method for ascertaining the merit of the candidate for a place upon the eligible list for promotion. It is also provided in this notice that the applicants claiming credits for meritorious acts must present their claims before 1:30 P. M. of the day of the examination, namely, on January 8, 1916, in writing, so that they may be verified by the chief of police. Of this the petitioner complains. We can see no merit in his objection to this method of checking up his statement as to his merits. It is argued that a fund is provided by the city for the commission to use in determining "ascertained merit," presumably by some sort of surveillance of members of the police force who may become or are applicants for positions upon the eligible list. Even so, this does not preclude the verification of the statement of the applicant as to his merits by the chief of police for the benefit of the commission.

Appellant also contends that "ascertained merit" is fully defined in the fifth subdivision of the State Civil Service Act (Stats. 1913, p. 1035; Deering's General Laws, p. 182), and that in the absence of a better definition this is binding upon, or at least should be adopted by, the Civil Service Commission in the premises. "That subdivision," says appellant, "directs the state commission to establish in all offices and places of employment records of individual efficiency of holders of positions in performing their duties." This section of

the Civil Service Act is not binding upon the Civil Service Commission of the city and county of San Francisco; but even assuming that this would be a proper method of procedure, the records of the chief of police of San Francisco and of the police department thereof open to him will undoubtedly furnish material for a report by the chief upon any claim of merit made by any police officer seeking promotion to the position of corporal, or that his name be placed upon the eligible list for such promotion; and, as we have said, there is no reason why the commission may not use the chief of police, his knowledge, and his acquaintance with the records of his department, to assist it in ascertaining, in connection with the statement of the applicant himself, his merit to a place upon the eligible list. Of course, we do not mean to hold that the chief's report would be necessarily and absolutely binding on the commission.

In view of what we have said, there is no merit whatever in the contention of petitioner that the Civil Service Commission have announced negatively by omission that no consideration will be given to ascertained merit, and that an eligible list will be adopted without that important factor as a basis. The published conditions of the examination show that the commission intends to give full weight to ascertained merit, the same to be learned by the commission under a system and to be marked according to a schedule of credits which seem to be perfectly fair and just.

Another contention of appellant is that the Civil Service Commission have no right to strike names from the eligible register arbitrarily. The present eligible list, upon which appellant's name appears and from which he alleges that the commission threatens to remove it, was made up in the year 1910 upon an examination by the commission conducted in that year. This appears from plaintiff's complaint herein. Article XIII, section 10, of the charter, contains the following provision: "The commissioners may strike off the names of candidates from the register after they have remained thereon more than two years." This eligible list being more than two years old, the commission had authority under this provision of the charter to strike appellant's name therefrom.

It is contended that this provision of section 10 is in conflict with the provisions of other sections of the charter. We have examined these other provisions, and see no necessary

conflict between the power given to the commission by the words quoted from section 10, and the limitations upon the authority of the commission contained in other sections of the charter. The well-recognized rule of statutory construction, that all parts of a statute must be construed so as to be effective, applies here; and the case of *Bannerman* v. *Boyle,* 160 Cal. 197, [116 Pac. 732], relied upon by appellant in this behalf, has no application to the authority of the commission in the case at bar.

Finally, we see no abuse of discretion in the proceedings of the board of commissioners as indicated by the allegation of the complaint in this action. A general demurrer to this complaint, on the ground that it does not state facts sufficient to constitute a cause of action, was correctly sustained; and the judgment against appellant following his refusal to amend his complaint after the order sustaining this demurrer was, therefore, correct, and is affirmed.

Kerrigan, J., and Zook, J., *pro tem.,* concurred.