[No. 16303. Department Two. July 14, 1921.]

THE STATE OF WASHINGTON, *on the Relation of E. M. Martin, Appellant,* v. THE CITY OF SEATTLE and HARRY W. CARROLL, *as City Comptroller, Respondents.*[1]

MUNICIPAL CORPORATIONS (68.) — EMPLOYEES — COMPENSATION. Where a civil service employee of the city of Seattle was laid off because of lack of work in the department in which he was employed, his subsequent reinstatement, on the discharge of another employee of the department who was found ineligible because of nonresidence in the city, would not entitle him to compensation during the time he was separated from the service.

Appeal from a judgment of the superior court for King county, Jurey, J., entered September 30, 1920, upon sustaining a challenge to the evidence, dismissing a mandamus proceeding to compel the issuance of a city warrant. Affirmed.

*Jas. A. Dougan,* for appellant.

*Walter F. Meier* and *Nelson T. Hartson,* for respondents.

MAIN, J.—The relator, E. M. Martin, a civil service employee of the city of Seattle, brought this action in mandamus for the purpose of compelling the city to issue to him a warrant for salary which he claimed he was entitled to.

On the 26th day of July, 1919, and for some time prior thereto, there was employed, under the engineering department of the city, eleven drawbridge tenders of which the relator was one. On the date mentioned, the relator and one G. M. Brinkerhoff were laid off for lack of work by the head of the department under

[1]Reported in 199 Pac. 449.

which they were employed. Of the nine bridge tenders retained, Thomas O. Hornbeck was one. After the relator was laid off, he complained informally to the civil service commission of the city that Hornbeck was ineligible because he was at the time residing outside the corporate limits of the city, and on October 30, made a formal complaint to the commission relative to Hornbeck's continued employment. On November 4, the commission held a hearing and determined that Hornbeck was not a resident of the city, and was therefore not entitled to further employment, and he was discharged from the service. Up to the time of his discharge, Hornbeck received the salary of the position in which he was serving. The civil service rules provided that all employees in that service, with certain exceptions which are not here material, should be "actual residents of the city of Seattle during such service". After Hornbeck was discharged, the relator was certified by the commission as a preferred eligible, and on the 18th of November, 1919, re-entered the service as a bridge tender. Thereafter he brought this action, claiming that, since the city had retained in its employ Hornbeck, who was ineligible under the civil service rules for employment, the relator's discharge from the service was wrongful, and that he was entitled to the salary during the time that he was laid off.

It is not claimed that there was work in the department at the time for more than nine bridge tenders. It is recognized that discharge from the service for lack of work was a good and sufficient reason. Reliance is placed upon the case of *State ex rel. Roe v. Seattle,* 88 Wash. 589, 153 Pac. 336, where it was held that a civil service employee, discharged by the department in which he was employed for "lack of veracity and in-

tegrity", which charge upon appeal to the civil service commission was held to be unfounded, was entitled to compensation during the time that he was separated from the service. But the rule of that case does not cover the facts in this case. There is no question here but what there was not sufficient work for the entire eleven bridge tenders, and that it was necessary to lay off two of them. The fact that there was retained a bridge tender who, under the rules, was not entitled to employment, would not justify directing that the city pay to the relator the salary during the time that he was not in the service.

The charter of the city provides, "that every officer or employe in the classified civil service shall hold office until removed or retired." Hornbeck was in the classified civil service, and under this provision of the charter, held the employment until he was removed. To hold that, under the facts in this case, the relator was entitled to prevail, it would be necessary to go further than the court has gone in any case heretofore decided relative to a civil service employee's right to compensation during the time that he was separated from the service.

The judgment will be affirmed.

PARKER, C. J., MITCHELL, and TOLMAN, JJ., concur.