[Civ. No. 4390.   First Appellate District, Division Two.—March 19, 1923.]

WILLIAM GILBERT, Appellant, v. CIVIL SERVICE COMMISSION, etc., et al., Respondents.

[1] MUNICIPAL CORPORATIONS—SAN FRANCISCO—CIVIL SERVICE—STRIKING NAME FROM ELIGIBLE LIST—DISCRETION OF COMMISSIONERS.—Under section 10 of article XIII of the charter of the city and county of San Francisco, defining the powers of the Civil Service Commission, and which provides that "The Commissioners may strike off the names of candidates from the register after they have remained thereon more than two years," it is within the discretion of the commissioners to strike any name from the list of eligibles after the lapse of two years from the time the name was first entered as that of a candidate eligible for an appointment, notwithstanding such candidate may have been given temporary or seasonal appointment at various times, and was so employed at the time of the adoption of the resolution removing his name from the register.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Walter Perry Johnson, Judge. Affirmed.

The facts are stated in the opinion of the court.

James F. Tevlin and Wm. Gilbert for Appellant.

George Lull, City Attorney, and Maurice T. Dooling, Jr., Assistant City Attorney, for Respondents.

NOURSE, J.—This is an original proceeding in *mandamus* instituted in the superior court to compel the defendants, constituting the Civil Service Commission of the city and county of San Francisco, to restore petitioner's name to a place upon the register of candidates eligible to appointment to the position of ordinary clerk in the classified service of the city and county. A demurrer to the amended petition having been sustained and the petitioner having failed to further amend, the court rendered judgment in favor of the defendants. From this judgment petitioner prosecutes this appeal.

From the petition it appears that after an examination held for that purpose the Civil Service Commission prepared a register of candidates for appointment to the position of ordinary clerk and that petitioner's name was placed upon said register on the twenty-first day of June, 1909; that at divers times between said date and the second day of August, 1921, the petitioner, after due certification therefor, held various temporary or seasonal positions as ordinary clerk under various civil departments and offices of the municipality; that on the fifteenth day of July, 1921, the Civil Service Commission adopted a resolution wherein it was declared that the name of the petitioner was then and thereby removed from said register on the ground that said name had remained upon said register for more than two years; that at the time said resolution was adopted the petitioner was actually employed as an ordinary clerk in the office of the auditor of said city and county; that at no time between the said twenty-first day of June, 1909, to the fifteenth day of July, 1921, did petitioner's name remain upon said register without appointment or employment as

an ordinary clerk under the city and county for a continuous period of two years.

[1]  The controversy involves an interpretation of the powers of the Civil Service Commission as defined in section 10 of article XIII of the charter, and which reads in part as follows: ''The commissioners may strike off the names of candidates from the register after they have remained thereon more than two years.'' The position of the appellant is that ''an ordinary clerk, while in employment as such, is not a candidate and his name is not upon the register, and that never between June 21, 1909, the date of his original registration, and July 15, 1921, the date of the resolution complained of, was the appellant a candidate, or was his name on the register, for a period of more than two years; secondly, that, in that he was an employee in the civil service at the time the resolution was passed, he could be removed only for cause, upon written charges, and opportunity afforded him to be heard in his defense, and as no charges were made against him the resolution complained of was void on this ground, as well as on the ground first above stated.'' Respondents answer that appellant's name was continuously upon the eligible list from 1909 until it was stricken off in 1921; that when an ordinary clerk is given a temporary or seasonal appointment his name is not taken from the register but a notation of the appointment is made and the ''eligibility'' of the person is still retained for other or future certification and appointment. As to the second point, respondents' answer that the resolution of July 15, 1921, did not affect appellant's tenure of the position that he was filling, but merely rendered him ineligible for further appointment.

At the conclusion of the hearing in the trial court the learned trial judge rendered an opinion giving his reasons for denying the writ, which we approve and from which we quote:

''Pursuant to a rule in force since June, 1909, seasonal service in any one or more of the departments for not less than six months entitled the registrant to preference in the matter of temporary clerkships. . . .

''In other words, the contention of the plaintiff is that service of six months in seasonal clerical positions places the registrant in the category of a civil service employee,

having an established position as a permanent seasonal clerk subject to call. On this theory classification as a preferred seasonal clerk is declared to confer a permanency of clerical tenure with employment merely suspended during seasons of idleness. No matter how often the registrant may be laid off for lack of work, it is urged that he retains a permanent status as one qualified to render seasonal service, and through such status becomes vested with a right to the opportunity of employment which abides with him indefinitely.

"The vice of this argument is that it treats one discharged from employment as still holding the equivalent of a permanent position in the city government. It is well settled that lack of work is good reason for dispensing with the service of an employee. (*Dunne* v. *New York,* 116 App. Div. 331 [101 N. Y. Supp. 678]; *Eckerson* v. *New York,* 80 App. Div. 12 [80 N. Y. Supp. 168, 170]; *State* v. *City of Seattle,* 116 Wash. 326 [199 Pac. 449].) And the reduction of the force of employees has the effect of abolishing a corresponding number of positions. (*O'Neill* v. *Williams,* 53 Cal. App. 1 [199 Pac. 870]; *People* v. *Delaney,* 190 N. Y. Supp. 29; *Randolph* v. *Smith,* 92 Misc. Rep. 291 [155 N. Y. Supp. 991]; *Petty* v. *Kracke,* 154 N. Y. Supp. 294.) Adopting this principle in *Rodrigue* v. *Rogers,* 4 Cal. App. 257, 263 [87 Pac. 563, 565], which dealt with the case of an extra clerk whose period of seasonal service had ended, the court said. 'He was employed for a limited term, and upon the expiration of the term of his employment he ceased to hold office or to be an employee of the municipality.'

"Hence, when a seasonal clerk is laid off, he is no more an employee than he was before his first assignment, but is relegated to the position of an unemployed eligible. An appointment to a seasonal position does not cause the removal of the appointee's name from the list of eligibles. The name keeps its place, and on the termination of the employment the registrant falls back into the group of eligibles, and may receive later a new appointment. But he has no greater right to permanent retention of his name on the general list than any other registrant whose name was placed on the list at the same time as his, but who, because of lower rank, has gone the entire period of two years without receiving any appointment at all.

''There is no authority for holding that temporary service for six months, succeeded by a revival of eligibility for another appointment, creates a municipal position or invests the registrant with a permanent tenure of reappointive eligibility comparable to the tenure of position by a clerk in permanent service. The promulgation of an eligible list does not create an absolute right for an indefinite period. The life of the list is governed by the provisions of the law; and every person gaining a place on the list is charged with notice that his opportunity for employment is limited by the legal duration of the list itself. When the list is abolished, the quality of eligibility is lost, and can be regained only through the successful test of a new examination.

''But an argument in favor of the creation and maintenance of a special list in behalf of preferred seasonal clerks is hung upon the use of the word 'candidates' in section 10 of article XIII, where the commissioners are authorized to 'strike off names of *candidates* from the register after they have remained thereon more than two years.' It is argued that while a clerk is filling a seasonal position, his name no longer appears on the register as that of a candidate, and that he becomes again a candidate only when laid off. Hence, it is urged that the power of the commission to expunge names applies only in respect of those registrants who have been on the list as continuously unemployed candidates for more than two years awaiting opportunity for employment.

''We must look to the spirit and purpose of the law to determine its meaning. And yet even if we were held to the strict letter of the law, the clause would hardly be open to the construction suggested. The language of the statute does not imply that the names must remain for over two years as the names of candidates waiting continuously for employment. When applicants take their examinations, they 'take rank upon the register as *candidates* in the order of their relative excellence'; and this place they hold as long as their names are on the list. So far as their designation for purposes of the register is concerned, they may well be classed as candidates whether they are holding positions or not and it is in this sense that the term is used in the passage above quoted.

"And as I interpret the decisions rendered in *Mann* v. *Tracy*, 185 Cal. 272 [196 Pac. 484], and *Uhle* v. *Rosenthal*, 37 Cal. App. 519 [174 Pac. 83], it is within the discretion of the commissioners to strike any name from the list of eligibles after the lapse of two years from the time when the name was first entered as that of a candidate eligible for an appointment.

"In the Gilbert case it is set forth that Gilbert's name was stricken from the register on July 15, 1921, though at that time and thereafter until August 2, 1921, he was doing temporary work in the auditor's office. It is unnecessary to consider whether or not the commissioners' action concerning him was premature. A proceeding such as this is concerned with the protection of an actual subsisting right. It is not to be invoked in support of an abstract right that once existed but no longer endures. There is nothing in the petition of . . . plaintiff showing any present right to the writ."

For the reasons given the judgment is affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 17, 1923.