[Civ. No. 2261. Second Appellate District.—June 5, 1918.]

## WILLIAM SEA, Jr., Respondent, v. J. P. LORDEN, Appellant.

APPEAL—ALTERNATIVE METHOD—PRINTING OF RECORD IN BRIEF.—On an appeal taken under the alternative method, the parties must print in their briefs such portions of the record as they desire to call to the attention of the court.

ID.—TYPEWRITTEN TRANSCRIPTS NOT REVIEWABLE.—Appellate courts will not look to the typewritten transcripts filed under the alternative method of appeal for the purpose of determining whether grounds exist for the reversal of the judgment appealed from.

OPEN ACCOUNT—ALLOWANCE OF INTEREST.—In an action for the reasonable value of goods on an open account, interest is allowable only from the date upon which the balance is ascertained.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

H. L. Welch, and B. S. Gregory, for Appellant.

William Sea, Jr., *in pro. per.*, for Respondent.

WORKS, J., *pro tem.*—This is an appeal prosecuted under what is known as the alternative method, a method characterized by Mr. Justice Shaw in *Estate of Gamble*, 166 Cal. 253, [135 Pac. 970], as "a pitfall for the unwary." Such it has been and such it continues to be, but the virtue of continually calling the attention of the profession to the repeated depart

ures from proper procedure under the method has had little more reward than that which is said to be virtue's own. These remarks are prompted by the fact that the present case exhibits another instance of a failure to observe the provisions of section 953c of the Code of Civil Procedure, to the effect that, on an appeal under the alternative method, the parties must print in their briefs "such portions of the record as they desire to call to the attention of the court." In a recent opinion we have cited many cases to the proposition that "appellate courts will not look to the typewritten transcripts filed under the alternative method of appeal for the purpose of determining whether grounds exist for the reversal of the judgment appealed from" (*Barker Bros.* v. *Joos,* 36 Cal. App. 311, [171 Pac. 1085]). In the present case there has been some effort to comply with the rule requiring a printing in the briefs of the necessary parts of the record, but enough does not appear to enable us to pass upon the questions which the appellant seeks to present upon the appeal, with the exception of the one which we discuss below.

The statements of facts in the briefs of the respective parties agree in showing, and extracts from the findings of fact indicate, that the action is one to recover the reasonable value of goods sold and delivered. The statements of fact made in the brief of the respondent, and the direction for judgment as stated in the findings, printed in appellant's brief, show that the trial court in its judgment allowed interest upon the claim sued on from the date of the last delivery of goods; but in an action for the reasonable value of goods on an open account interest is allowable only from the day upon which a balance is ascertained. (*Erickson* v. *Stockton & T. C. R. Co.,* 148 Cal. 206, [82 Pac. 961]; *Merchants' Collection Agency* v. *Gopcevic,* 23 Cal. App. 216, [137 Pac. 609].) The judgment itself is not before us in the printed briefs, but we may safely direct a modification of it by striking out any language it contains making an allowance of interest from any date. Under the decisions above cited, the respondent is entitled to interest only from the date of the judgment, and he is allowed that by operation of law (Civ. Code, sec. 1920; Code Civ. Proc., sec. 1035).

The judgment is modified by striking therefrom such part thereof as allows interest on the principal sum for which

judgment is awarded the respondent, and as so modified it is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 1, 1918.