[Civ. No. 2890. First Appellate District, Division Two.—July 3, 1919.]

## J. G. GUSTAFSON, Respondent, v. LOUIS WASSON, Appellant.

[1] APPEAL—JUDGMENT—PRESUMPTION.—The appellate court is bound to assume, in the absence of satisfactory showing to the contrary, that the judgment of the trial court was correct.

[2] ID.—ALTERNATIVE METHOD—BRIEFS—RECORD.—Where an appeal is taken under the alternative method, the appellant must print in his opening brief the portions of the record on which he relies. The incorporation of the same in his closing brief does not constitute a compliance with the statute.

APPEAL from a judgment of the Superior Court of Sonoma County. Thomas C. Denny, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. F. Cowan for Appellant.

E. M. Norton, Fred W. McConnell and J. R. Leppo for Respondent.

HAVEN, J.—The defendant appeals, by the alternative method, from a judgment against him. In the appellant's opening brief it is stated that in the action the plaintiff claimed an easement to the flow of rainwaters in a certain ditch on lands of the defendant and damages caused by the overflow from the ditch on the lower lands of the plaintiff. An extremely condensed summary of the claims of the defendant is contained in the opening brief and a stipulation between the parties is set forth in full. This stipulation provided for the continuance of the trial; that, upon performance of the conditions and agreements of the stipulation by the defendant, the plaintiff by proper conveyance should release to the defendant the right to maintain the ditch mentioned in the amended complaint; that the defendant should pay plaintiff's costs, including a surveyor's charge; that the defendant should construct a new ditch and cause the easement in the same to be conveyed to the plaintiff, failing in which the defendant was to re-

construct, restore, and reconvey to the plaintiff the ditch mentioned in the amended complaint; that the plaintiff should release to the defendant all claims for possible damages; and, that if the defendant should fulfill the preceding terms of the stipulation, the action should be dismissed, otherwise that the plaintiff should not be bound by any of the stipulations, and might proceed to trial of the cause in the same manner as if the stipulation had never been made. Following the stipulation in the appellant's opening brief are numerous statements of fact referring to pages of the reporter's typewritten transcript. From the brief it appears there were supplemental pleadings of some sort, but from nothing contained in the brief can it be ascertained what the original, amended, or supplemental pleadings were. The statement is made that the court, without the introduction of any evidence and without any proceedings other than certain admissions of both parties in open court, proceeded to enter judgment. There is no statement in the brief concerning the admissions which were made, nor what the appellant's claims are in regard to them. The opening brief wholly fails to meet the requirements of section 953c of the Code of Civil Procedure and rule VIII of the supreme court (176 Pac. ix). Because of the failure of the appellant's opening brief to show those parts of the record upon which he relied, the argument presented in the brief is of academic interest only. The appellant failed to show error on the part of the trial court, without which showing the judgment must necessarily be affirmed. [1] "We are bound to assume, in the absence of satisfactory showing to the contrary, that the judgment of the trial court was correct." (*Lutz* v. *Merchants' Nat. Bank of San Diego,* 179 Cal. 401, [177 Pac. 158].)

[2] The respondent rests on the failure of the appellant to comply with section 953c of the Code of Civil Procedure and rule VIII of the supreme court, and in his brief no argument is presented upon the merits of the cause.

In the appellant's closing brief the claim is made that section 953c of the Code of Civil Procedure does not expressly require that the portions of the record referred to be incorporated in the opening brief, and, therefore, it is stated that the portions of the record on which the appellant relies are printed in the closing brief.

The rules of the court provide for the appellant to file an opening brief to be answered by the respondent, and for one further brief to be filed by the appellant, the purpose of which is to enable the appellant to so answer new matter in the respondent's brief. If it were permissible for the appellant to disclose a part only of his case in his opening brief, and, after its insufficiency had been pointed out by the respondent, to set up his entire case in his closing brief, common fairness would require that the respondent be permitted to file another brief, which in turn would be replied to by the appellant, so that five or perhaps more briefs would be filed instead of the necessary three. The law does not permit this piecemeal presentation of the appellant's case. It is a familiar rule that appellate courts ordinarily will not consider new points made in the appellant's closing brief. (*Wong Ah Sure* v. *Ty Fook,* 37 Cal. App. 465, [174 Pac. 64, 65].) The same reasoning applies to a new record presented in the closing brief. It is to inform the respondent quite as much as it is to inform the court that the statute requires the appellant in his opening brief to set up the parts of the record upon which he relies. ''The purpose of the statute requiring the matters relied upon to be printed in the brief is not only for the benefit of the appellate court, but also for the benefit of the respondent.'' (*Pasadena Realty Co.* v. *Clune,* 34 Cal. App. 33, 34, [166 Pac. 1025, 1026].)

The matters set forth in the closing brief are too incomplete to inform the court with regard to the relationship of the findings and judgment to the pleadings and what in the appellant's brief are designated as ''minor stipulations.'' ''Numerous references are made to the pages of the transcript filed, but it has been repeatedly held that the appellate courts will not examine the transcript documents in order to determine whether there is merit in the contentions made by the appellant. Many opinions of this court and the supreme court reiterate the rule. A collection of the cases so holding will be found grouped in the case of *Barker Bros.* v. *Joos et al.,* 36 Cal. App. 311, [171 Pac. 1085]. Not having properly before us sufficient of the record to illustrate the various contentions made on behalf of the appellant, we are compelled to hold that no

error is shown as against the judgment." (*Borba* v. *De Mello,* 36 Cal. App. 601, [172 Pac. 1113, 1114].)

The judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.