[Civ. No. 6833. First Appellate District, Division Two.—January 28, 1930.]

WESTERN IRON WORKS (a Corporation), Appellant, v. WILLIAM J. SMITH, Respondent.

Waldo F. Postel and L. Seidenberg for Appellant.

Geary & Geary and C. J. Tauzer for Respondent.

KOFORD, P. J.—Plaintiff instituted this action to recover $1150 for locker cars and other iron work alleged to have been sold and delivered to defendant for the Analy Union High School in Sebastopol, California. The complaint was in two counts of *indebitatus,* one for the reasonable value

and the other upon an open book account. Plaintiff recovered judgment for $250 without interest, being for a certain part of the iron work, but was denied judgment for the value of the locker cars. Plaintiff appeals from the judgment.

The main points on appeal are whether the locker cars were ordered and whether the defendant acted promptly enough in rejecting them. Both questions are largely questions of fact and the appeal therefore presents chiefly the question of the sufficiency of the evidence to justify the findings and judgment of the court. The evidence discussed and printed in the appellant's briefs would make it appear that the locker cars were ordered and that after delivery they were accepted and retained an unreasonable length of time before final and definite rejection. Respondent prints other evidence, however, to the contrary.

In 1926, respondent and appellant entered into a contract for the supply of steel and ironwork for the high school building. Some material (not involved in this action) was delivered. Then in April, 1926, respondent notified appellant that the bond election had failed and that the original plans for the high school building would not be carried out by the high school trustees. Respondent settled for materials already delivered and the contract was considered as ended.

Thereafter on July 16, 1926, respondent wrote appellant: "They are going to complete the gym here as per the original contract now, and I would like to know if there will be an advance over your original contract with me. I wish you would send all the pipe railing and fixtures for around the bleachers and balcony." Appellant claims the expression in the letter "fixtures for around the bleachers and balcony" included and meant the locker cars. Respondent claims it did not. Appellant claims this letter was an order and made a new written contract. Respondent claims to the contrary.

After receipt of the letter appellant sent its secretary, Mr. Gates, to Sebastopol, July 20, 1926. According to the testimony of appellant and Mr. Parsons, foreman on the building, the conversations at that time and place between Mr. Gates and respondent were to the effect that owing to lack of funds the school board would not purchase locker

cars and safety treads. Mr. Gates nevertheless took measurements for the locker cars and safety treads with the expressed understanding that it was only for possible future use and to save another trip to Sebastopol in case it should be finally decided by the board to do that part of the work. Respondent, however, at that time did order certain thresholds and pipes delivered. Thereafter a shipment arrived at Sebastopol. Respondent ordered his truckman to deliver it to the high school building. On October 29, 1926, respondent wrote appellant "you sent some locker cars up here for the Sebastopol Auditorium and they are not in the contract and the Trustees will not accept them." Thereafter respondent went to San Francisco and talked with the representatives of appellant. He told them that the locker cars had not been ordered and Mr. Morris, appellant's manager, asked him to "see if he could not have the Board take them over." In February respondent wrote appellant inquiring on behalf of the school trustees about the probable cost of changing the size of the locker cars. The reply was that the change would be impracticable. Then on March 26, 1927, respondent reshipped the locker cars to appellant.

Under the testimony the court was warranted in deciding that the locker cars had not been ordered. It is very doubtful whether the letter itself of July 16, 1926, was an order because of its wording, and because appellant is not suing upon the theory of a revival of the original express contract, but for the reasonable value (different from the original agreed price) as though the letter was a new contract. Taking the letter in connection with the conversations with Gates upon his visit to Sebastopol, the court was at full liberty to decide that the letter was only an inquiry, so treated by the parties, that the real order was as modified by the oral conversation, and that it included only that part of the ironwork for which judgment was confessed.

■ It is true that a consignee of goods may so conduct himself in respect to the acceptance and retention of the goods for an unreasonable time without rejection as to be held to have waived his right to object. This is a question of fact, however, which, when decided by the trial court, is to be viewed by the reviewing court like any other

question of fact. ■ The court could construe the letter of October 29, 1926, as a rejection even though it stated "the trustees will not accept them" instead of "I will not accept them." It definitely stated "they are not on the contract." ■ Furthermore, the conversation of respondent with appellant's manager in San Francisco could well be construed as conduct by the appellant analogous to importuning a dissatisfied buyer to retain goods for further trial. Such conduct has been held to excuse what otherwise would be an unreasonable delay on the part of a buyer to reject unsatisfactory goods. (*Luitweiler etc. Co.* v. *Ukiah etc. Co.*, 16 Cal. App. 198, 208 [116 Pac. 707, 712]; *Fox* v. *Harvester etc. Works*, 83 Cal. 333 [23 Pac. 295].)

■ The action being for the reasonable value no interest was recoverable prior to judgment. (*Sea* v. *Lorden*, 37 Cal. App. 445 [174 Pac. 85], and cases there cited.)

The judgment is therefore affirmed.

Sturtevant, J., and Nourse, J., concurred.