[Civ. No. 7790. First Appellate District, Division One.—May 13, 1931.]

EDWARD B. POWERS, Respondent, v. BOARD OF PUBLIC WORKS et al., Appellants.

WILLIAM E. EDRICH, Respondent, v. BOARD OF PUBLIC WORKS et al., Appellants.

JAY D. BIDWELL, Respondent, v. BOARD OF PUBLIC WORKS et al., Appellants.

FRED E. EWALD, Respondent, v. BOARD OF PUBLIC WORKS et al., Appellants.

HARRY SMITH, Respondent, v. BOARD OF PUBLIC WORKS et al., Appellants.

J. J. BRADLEY, Respondent, v. BOARD OF PUBLIC WORKS et al., Appellants.

120

John J. O'Toole, City Attorney, and Thomas P. Slevin, Assistant City Attorney, for Appellants.

Joseph T. Curley and Marvin C. Hix for Respondents.

THE COURT.—These six consolidated actions were instituted for the purpose of determining the status of certain employees of the city and county of San Francisco and to recover wages claimed to be due plaintiffs as such employees. Judgments were rendered in favor of the respective plaintiffs, and the defendants appealed. In doing so they elected to present the appeals on records prepared under the alternative method provided for by section 953a et seq. of the Code of Civil Procedure. Plaintiffs now move to affirm the judgments upon the grounds, first, that the several points urged for reversal have been heretofore determined adversely to defendants' contentions in the case of *Rodgers* v. *Board of Public Works*, 208 Cal. 291 [281 Pac. 64]; and secondly, that although the appeals were taken under the alternative method defendants have wholly failed to conform to the requirements of the statute or court rules governing such appeals in that they have not printed in their brief or in a supplement appended thereto any portion of the record relied upon by them in support of the grounds they urge for reversal. (Sec. 953c, Code Civ. Proc.; Rule VIII, Supreme Court and District Courts of Appeal.)

The question of whether the decision in *Rodgers* v. *Board of Public Works, supra,* is controlling in the determi-

nation of the present appeals is one which necessarily will require an examination of the record and a consideration of the appeals on their merits; and such an examination and consideration cannot be undertaken on a motion of this character. (*Haines* v. *Commerce Mortgage Co.*, 205 Cal. 71 [269 Pac. 921].) We are of the opinion, however, that the second contention made by plaintiffs to the effect that defendants' briefs do not conform to the requirements of the statute and the court rule above mentioned must be sustained.

It has been held repeatedly that where the appeal is taken pursuant to the alternative method it is mandatory to print in the opening brief, or in a supplement appended thereto, whatever evidence there is in the record bearing upon the questions raised by the appeal, that mere transcript references do not satisfy the requirements of the statute, and that under such circumstances the reviewing tribunal will not look to the typewritten transcript to determine whether grounds exist for reversal. (*Barker Bros.* v. *Joos,* 36 Cal. App. 311 [171 Pac. 1085]; *Sea* v. *Lorden,* 37 Cal. App. 444 [174 Pac. 85]; *Greer-Robbins Co.* v. *Pacific Surety Co.,* 37 Cal. App. 540 [174 Pac. 110]; *Gustafson* v. *Wasson,* 42 Cal. App. 70 [183 Pac. 352]; *Dahlberg* v. *Dahlberg,* 202 Cal. 295 [260 Pac. 290]; 2 Cal. Jur. 650, 651.)

In the present case it appears from defendants' opening brief and from the supplement thereto, which was filed after notice of motion to affirm was given, that the main ground urged for the reversal of the judgments is that the findings of the trial court are not supported by the evidence and are contrary thereto; and it also appears therefrom that the determination of that question depends largely upon the construction and the legal effect which shall be given to a series of resolutions passed by the Board of Public Works, and to the testimony of the respective plaintiffs relating to the circumstances of their employment and dismissal. But neither in the opening brief nor in the nine-page supplement thereto have defendants set out any part of the pleadings, findings or judgment, nor the particular portions of said resolutions and testimony upon which they rely to show that the conclusions of the trial court as to matters of fact and matters of law are erroneous. Consequently an intelligent determination of the questions in-

volved cannot be had without resorting to the contents of the typewritten transcript, which, as we have seen, the court is not required to do. True, the briefs contain a large number of transcript references, but the reporter's transcript consists of some 133 pages, and the judgment-roll in each action covers more than 40 typewritten pages of the clerk's transcript, and as stated, under the rule of the cases above cited, where the appeal is taken under the alternative method the reviewing court will not search the record for the evidence. It must be set forth in the briefs.

Inasmuch, however, as the controversy presented by the appeals involves the status of a number of employees of the city, as well as the interpretation of certain charter provisions and departmental rules adopted pursuant thereto, it is evidently important that the appeals receive consideration on the merits. It is ordered, therefore, that plaintiffs' motion to affirm be dismissed without prejudice, and that defendants be granted twenty-five days from the date of the filing of this opinion within which to prepare and file a supplemental brief which shall conform to the statute and the rule above mentioned.