[S. F. No. 13427. In Bank.—September 27, 1929.]

JAMES F. RODGERS, Respondent, v. BOARD OF PUBLIC WORKS OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

John J. O'Toole, City Attorney, and Thomas P. Slevin, Assistant City Attorney, for Appellants.

Joseph T. Curley and Marvin C. Hix for Respondent.

THE COURT.—This is an appeal by the defendants from a judgment granting an application for a peremptory writ of mandate, compelling the defendant Board of Public Works of the City and County of San Francisco to transmit to Civil Service Commission of said City and County a warrant in the sum of $289.75, representing lost wages, and for said Commission to approve the same for payment, and compelling the Civil Service Commission to reinstate petitioner's name on the official records of civil service as occupying the permanent position of granite cutter, and by virtue of his reinstatement, the Board of Public Works is directed to admit plaintiff to the performance of the duties of said position and to pay him the compensation therefor.

The facts found by the trial court with reference to the controversy are, in substance, as follows:

Subsequent to March 14, 1923, defendant Civil Service Commission, while plaintiff was on the register of eligibles, and in response to a requisition, bearing date July 13, 1925,

from the defendant Board of Public Works, certified plaintiff to said Board of Public Works for appointment to the *permanent position* of granite cutter, and thereafter said Board of Public Works appointed plaintiff to a permanent position of granite cutter, from said register of eligibles, and thereafter plaintiff continued to fill and to perform the duties of said position from July 29, 1925, until May 15, 1926, during which period of time plaintiff was actually engaged in the pursuit of his position for 216.31–1/9 days. Subsequent to the fifteenth day of May, 1926, plaintiff was laid off by said Board of Public Works on account of lack of funds for the employment of persons in the position of granite cutter, but said position was never abolished, and on March 1, 1927, the defendant Civil Service Commission, in response to a requisition filed with it by the Board of Public Works, again certified plaintiff to said Board of Public Works and said Board re-employed plaintiff in said permanent position of granite cutter and plaintiff continued to perform the duties of this position from March 1, 1927, to September 30, 1927, during which time plaintiff was actually engaged in the pursuit of his position for 19.37 days. Subsequent to the last-mentioned date, plaintiff ceased to perform the duties of said position on account of lack of funds for the payment of services performed in said position and plaintiff was purported to have been returned to the list of eligibles, but such position was at no time abolished and is now and at all times mentioned in the complaint in this action was in existence.

The register of eligibles upon which plaintiff's name appeared, by virtue of a provision limiting the existence of said list for a period of four years from the date of adoption of said list by the Civil Service Commission, automatically expired on the fourteenth day of March, 1927. On the fourteenth day of November, 1927, a new register of eligibles for the position of granite cutter was adopted by the Civil Service Commission, as the result of an examination therefor conducted by the Civil Service Commission for positions of granite cutter, and on said register of eligibles, the name of plaintiff appears in sixth place.

Said Civil Service Commission enacted, adopted and promulgated section 4 of its rule 22, which was in effect at all the times mentioned in the petition and answer herein

and up to the sixth day of September, 1927, which said section of said rule reads as follows: "Section 4. HOLD-OVERS. Whenever, because of lack of work or lack of funds, or for purposes of retrenchment, a person who has served for one year continuously under appointment in an original entrance position that is considered within the meaning of the rules of this Commission as a permanent position, is laid off or separated from such position, he shall, while so separated from such position, be termed a 'hold-over' and shall be preferred for re-appointment in the first vacancy thereafter occurring in the class from which he was so separated; provided that if there be more than one such 'hold-over' in a class, the one having the longest service under permanent appointment for the period of two years next preceding the date of receipt of requisition shall be given the preference, and when ties exist in service during such two-year period the person who was in line first for original appointment shall be preferred. When such 'hold-overs' have not been re-appointed to a permanent position within a period of two years from the date of their last lay-off, their eligibility for re-appointment may be cancelled by the Commission. Persons appointed to positions considered as permanent under the rule who are laid off because of lack of work or lack of funds before having served one year continuously under such permanent appointment shall be returned to the existing line of eligibles according to the general average percentage they received in examination and shall be treated as new eligibles."

Plaintiff at no time during the period of time from March 14, 1923, up to and including March 13, 1927, served for a period of one year or more continuously under appointment in the permanent position of granite cutter, from said register of eligibles for such position, but plaintiff did serve, fill and perform the duties of said position of granite cutter continuously for more than six months' time under appointment to such position and from such register of eligibles; the register of eligibles upon which plaintiff's name appeared expired while plaintiff was under appointment to the permanent position of granite cutter, and while plaintiff was performing the duties of and filling the position of granite cutter.

It was further found by the trial court that from the twenty-fifth day of January, 1928, to the sixth day of March, 1928, the position of granite cutter was filled by a person other than plaintiff and by one not entitled to said position; that during said period of time thirty and one-half working days have elapsed; that if the defendants Civil Service Commission and Board of Public Works had not refused to permit plaintiff to perform the services and duties of his position as permanent granite cutter, during this period of time, plaintiff would have earned and been entitled to receive $9.50 for each working day and would have been entitled to receive the aggregate sum of $289.75.

As conclusions of law, the trial court determined that the plaintiff was entitled to the writ as prayed, and, further, that the Civil Service Commission was and is without authority of law to pass a rule requiring plaintiff to occupy continuously his position of granite cutter of said City and County of San Francisco for a period of time of one year, or for any other period of time in excess of six months, before his appointment to such position shall be deemed complete.

The latter conclusion of the trial court with reference to the commission's lack of power to make rule 22 is the only point involved upon this appeal, for it is admitted that the procedure of the Civil Service Commission was in accord with said rule.

Appellants vigorously contend that rule 22, section 4 thereof, is not contrary to the spirit of the charter of the City and County of San Francisco, and the contrary is contended by respondent.

Article XIII, section 3, of said charter provides: "The Commissioners shall make rules to carry out the purposes of this article, and for examinations, appointments, promotions and removals and in accordance with its provisions may from time to time make changes in the existing rules." The charter also provides (art. XIII, sec. 10): "The appointing officer shall notify the Commissioners of each position to be filled separately, and shall fill such place by appointment of one of the persons certified to him by the Commissioners therefor. Such appointment shall be on probation for a period to be fixed by the rules of the Commissioners, *but such rules shall not fix such period at ex-*

*ceeding six months.* . . . At or before the expiration of the period of probation the head of the department or office in which a candidate is employed, may, by and with the consent of the Commissioners, discharge him upon assigning in writing his reason therefor to the Commissioners. If he is not then discharged, *his appointment shall be deemed complete.*"

There is a further charter provision, as follows: "Any classification or grading may be amended or abolished by the Commission, and classes calling for similar qualifications may be consolidated but persons who have been appointed from any such class *shall retain any position lawfully held thereunder so long as such position is maintained* unless removed in accordance with the provisions of section 12." (Art. XIII, sec. 2.)

We are in accord with the view of the trial court that the Commission had no power to adopt a rule requiring service for one year before an employee is entitled to be returned to his position after a "lay-off." As we have indicated, the charter provides that the appointment of the employee shall be deemed complete at the end of the probationary period, "not exceeding six months," and that any person appointed "shall retain any position lawfully held . . . so long as such position is maintained," unless removed for cause, etc. It has been expressly found that the permanent position of granite cutter was maintained during the time involved in this controversy; that the petitioner's appointment was to a permanent position and that he had served in such position for over six months.

The judgment appealed from is affirmed.