[S. F. No. 14618. In Bank.—October 21, 1932.]

EDWARD B. POWERS, Respondent, v. BOARD OF PUBLIC WORKS et al., Appellants.

WILLIAM E. EDRICH, Respondent, v. BOARD OF PUBLIC WORKS et al., Appellants.

JAY D. BIDWELL, Respondent, v. BOARD OF PUBLIC WORKS et al., Appellants.

FRED E. EWALD, Respondent, v. BOARD OF PUBLIC WORKS et al., Appellants.

HARRY SMITH, Respondent, v. BOARD OF PUBLIC WORKS et al., Appellants.

J. J. BRADLEY, Respondent, v. BOARD OF PUBLIC WORKS et al., Appellants.

John J. O'Toole, City Attorney, Thomas P. Slevin, Assistant City Attorney, and Wm. A. Kelly for Appellants.

Joseph T. Curley and Marvin C. Hix for Respondents.

E. R. Hoerchner and Theodore Johnson, as *Amici Curiae.*

THE COURT.—A hearing was granted in these cases, after decision by the District Court of Appeal, First Appellate District, Division One, in order to give further consideration to the contentions of appellants that respondents herein were not permanent employees and that their respec-

tive positions had been abolished by resolutions of the Board of Public Works.

After reading the transcript we are convinced that neither of these contentions can be sustained.

■ The evidence clearly shows that each of the respondents, by reason of six months' continuous work as painter, had acquired the status of a permanent employee within the meaning of the city charter, and within the rule enunciated by this court in *Rodgers* v. *Board of Public Works,* 208 Cal. 291 [281 Pac. 64]. As such permanent employees they are entitled, in proper order, to be employed as painters whenever there is painting work to be done and money is available for such work, and can be removed from the civil service list only for cause or by the abolishment of their positions.

■ The contention that the resolutions of the Board of Public Works laying off these men amounted to an abolishment of their positions is not in accord with the facts as disclosed by the record. The record clearly shows that respondents were laid off solely because of lack of funds, and not because the work they were doing was completed or their jobs abolished. As soon as money became available other men were immediately put to work by the Board of Public Works as painters. A fair reading of the transcript indicates that the only reason these respondents were not put back to work was because the appellants believed that under the one-year "holdover" rule respondents had not acquired a permanent status. The one-year "holdover" rule was held invalid in the Rodgers case, *supra,* in which it was held that six months' service is sufficient to give an employee a permanent status. The testimony leaves no room for doubt but that the Board of Public Works at no time intended to abolish these positions, but simply intended temporarily to "lay off" these men because of lack of funds.

After careful consideration we are convinced that the opinion prepared by Mr. Justice Dooling, *pro tem.,* and concurred in by Mr. Presiding Justice Knight and Mr. Justice Cashin, properly and adequately disposes of all the questions presented on these appeals.

We therefore adopt the opinion of the District Court of Appeal as the opinion of this court. Said opinion is as follows:

"These six cases were consolidated for trial and are here presented together upon appeal for the reason, as stated by counsel for appellants, that the facts in each case are very similar and the law applicable to them is identical. Basically the cases involve practically the same situation passed upon by the Supreme Court in *Rodgers* v. *Board of Public Works,* 208 Cal. 291 [281 Pac. 64], and since many of the charter provisions and rules of the Civil Service Commission of the City and County of San Francisco pertinent to this case are set out in the opinion in the Rodgers case, it will suffice to refer to that opinion without restating them herein. Since it is conceded that the facts in each of the cases are very similar, and no attempt to differentiate them has been made in the briefs, it will likewise suffice to set out the facts in the case of respondent Powers as typical of all.

"Powers, together with the other respondents, obtained a place upon the civil service eligible list of painters in the City and County of San Francisco on March 13, 1923. Such list, by virtue of a rule of the Civil Service Commission adopted relative thereto, was made to automatically expire at the expiration of four years thereafter, i. e., on March 12, 1927. Powers served as a painter under the Board of Public Works from March 23, 1923, to July 28, 1923; from September 17, 1923, to January 16, 1924, and from December 2, 1925, to September 27, 1926. Each time that he commenced work, his appointment was evidenced by a resolution of the Board of Public Works 'appointing' him as a painter and each time that he ceased work a like resolution of the Board of Public Works was adopted reciting that he was 'laid off' or, in one instance, his services 'discontinued'. The list upon which Powers' name appeared having automatically expired on March 12, 1927, he was thereafter refused permanent employment as a painter under the Board of Public Works and commenced this action for a writ of mandate to compel his employment and the payment to him of compensation for periods during which another painter was employed in a position to which he claimed to be entitled. From a judgment in his favor this appeal is taken.

"The trial court found in this case, as in the Rodgers case, that Powers had been appointed to a permanent posi-

tion as painter under the Board of Public Works and had served in such position for the periods hereinabove set out; that he was laid off from such position because of lack of funds and not because the work on which he was engaged had been completed; that his said position was not abolished and that he is entitled to be reinstated to the permanent position of painter and to compensation for certain periods when such position was occupied by another.

"It is plain from this recital that unless these cases can in some manner be differentiated from the Rodgers case, the judgments herein must be affirmed on the authority of that decision. Recognizing this fact, counsel for appellants urge various grounds upon which they claim the finding, that respondents' positions as painters were not abolished and have been maintained by the Board of Public Works as permanent positions, is not supported by the evidence.

"Section 3, chapter I, article VI, of the San Francisco charter, as it existed at all times covered by these actions, provided that 'The Board [or Public Works] may employ such clerks, superintendents, inspectors, engineers, surveyors, deputies, architects and workmen as shall be necessary to a proper discharge of their duties.' It was by virtue of this authority to employ 'workmen' that respondents herein were employed as painters. From this, appellants argue that since the civil service provisions of the charter do not guarantee permanency of employment, but only permanency of tenure in a particular position so long as the particular position is maintained, and since the position of painter does not exist by virtue of any charter provision or ordinance creating such position, the position of painter to which Powers was appointed was created by the resolution of the Board of Public Works appointing him, and was abolished by the resolution of the same Board laying him off. This was substantially the view taken by this court in the Rodgers case as a reading of our opinion will show (274 Pac. 1034), but the views which we therein expressed were overruled by the Supreme Court and a contrary holding is implicit in the opinion of the Supreme Court in the same case, for the reason that the position of granite cutter therein considered likewise exists solely by virtue of the above quoted provision of the San Francisco charter. We are of the opinion that the law should look to

the practical situation actually existing rather than to any purely theoretical considerations and that if the position of painter, or granite cutter, actually exists in practice with a reasonable degree of continuity and permanency, the courts are justified in treating the position as a permanent one within the meaning of the civil service provisions of the charter although the services in the position may occasionally be intermitted by resolutions of the Board of Public Works 'laying off' the incumbent of the position. To put the contention of appellants to a concrete test, would it be reasonable to consider the position of painter abolished by each resolution laying off the occupant thereof if over a series of years the position was actually filled fifty weeks out of every fifty-two? The law looks to substance rather than to form and should have regard to the circumstances as they actually exist to determine whether in fact the position is permanent or not.

"Appellants likewise call attention to section 3, chapter I, article III, of the charter, requiring the supervisors in making the annual budget to itemize the salaries, wages or rates of compensation of the employees of various departments, including the Board of Public Works, and to the fact that in the years in question the number of painters provided for in the budgets for the Board of Public Works was not great enough to include the positions claimed by these respondents. But again we must look to the facts as they actually existed and if painters were actually employed and paid with a fair degree of continuity and permanency in addition to those specifically provided for in the budget, that fact should control.

"Appellants attack the finding that respondents were laid off for lack of funds and not for lack of work as being supported only by testimony of hearsay statements made by certain foremen and the superintendent of painters. Much, though not all, of this evidence was admitted without objection, and as to that so admitted it is the settled rule that incompetent evidence admitted without objection is sufficient to support a finding. (*Parsons* v. *Easton*, 184 Cal. 764 [195 Pac. 419]; *Lucy* v. *Davis*, 163 Cal. 611, 615 [126 Pac. 490]; *Yule* v. *Miller*, 80 Cal. App. 609 [252 Pac. 733]; *Mercantile Trust Co.* v. *Sunset etc. Co.*, 176 Cal. 461, 466 [168 Pac. 1037].) There was

likewise in evidence a letter from the Board of Public Works to the city attorney asking to be advised as to the status of these respondents, in which it was stated that 'their position is identical with that of James Rodgers'. This was an admission by appellant Board of Public Works which the trial court was entitled to consider in connection with the finding in the Rodgers case that Rodgers was laid off for lack of funds and not for lack of work.

■ "However, we do not consider the reason for the layoff as being of controlling effect. The real question is not why respondents were laid off—whether for lack of funds, lack of work, or some other reason deemed by the Board of Public Works at the time to be sufficient—but rather whether the layoff was in fact temporary or permanent in character, of such a nature as to amount to a termination or abolition of the positions held by respondents or not. If in fact the positions were continued in existence with only a temporary interruption, the reason for the interruption would seem to be of no particular importance.

■ "Finally, appellants contend that the evidence of the times during which painters were actually employed in places claimed by respondents after their last layoffs is not sufficient to support the finding that the positions were maintained as permanent positions by the Board of Public Works. In this behalf the record shows that, commencing in July, 1927, men were put to work in positions claimed by respondents under temporary certifications of the Civil Service Commission; that commencing in February, 1928, four painters have been steadily employed in positions claimed by respondents and since July 19, 1928, six additional painters have been steadily employed in like positions. There is a gap here between the layoffs and resumption of employment of approximately seven months and fairly continuous employment of painters thereafter. In the Rodgers case, as shown by the opinion of the Supreme Court, Rodgers was employed as granite cutter practically continuously from July 29, 1925, to May 15, 1926, when he was laid off; he resumed employment March 1, 1927, and between then and September 30, 1927, when he was again laid off, he worked only nineteen and a fraction days; thereafter no work was done in a position claimed by him until January 25, 1928, which was almost four months after his layoff.

We can find no such substantial difference in the facts of these cases and the Rodgers case as would justify us in holding that the trial judge abused his discretion in holding that the positions claimed by respondents herein were maintained by the Board of Public Works as permanent positions. ▮ It should be remarked, too, that section 13, article XIII, of the San Francisco charter, requires notice to be given to the Civil Service Commission by the appointing power of all positions that are abolished. No notice was ever given to the Civil Service Commission that any of the positions of painter here involved had been abolished. From this fact the trial court was entitled to draw the inference that the Board of Public Works did not consider the positions abolished.

"In these cases, as in the Rodgers case, respondents having served more than six months continuously in positions which the trial court found have been maintained as permanent positions, they were entitled to the relief afforded them by the judgments appealed from."

The judgments appealed from are affirmed.