[Civ. No. 8837. First Appellate District, Division Two.—August 22, 1933.]

DENNIS McGILLICUDDY et al., Respondents, v. CIVIL SERVICE COMMISSION et al., Appellants.

John J. O'Toole, City Attorney, Thomas P. Slevin, Deputy City Attorney, and E. R. Zion for Appellants.

Joseph T. Curley and Marvin C. Hix for Respondents.

SPENCE, J.—Six of the plaintiffs were trackmen and the seventh was a car repairer in the employ of the City and County of San Francisco. On April 8, 1932, plaintiffs were removed from their respective positions by defendants without cause and without an opportunity to be heard. Other persons were immediately employed to fill said positions. Claiming the benefits of the civil service regulations, plaintiffs brought this action for declaratory relief. From a judgment in favor of plaintiffs, defendants appeal.

Section 142 of the new charter of the City and County of San Francisco (Stats. 1931, p. 2973), which went into effect January 8, 1932, provides: "The civil service rights, acquired by persons under the provisions of the charter superseded by this charter, shall continue under this charter." Appellants concede that said section protects the rights, if any, which respondents may have acquired under the old charter, but appellants contend that respondents were "emergency employees", that "they had no standing as civil service employees" and "therefore had no civil service rights to be protected under the provisions of section 142" of the new charter.

We are therefore called upon to examine the facts and the provisions of the old charter in order to determine whether respondents had acquired any "civil service rights" under the old charter which were protected by the new. It is unnecessary, however, to set forth in full all of the sections of the old charter dealing with this subject as said sections have been considered and are to be found in the opinions in several of the cases cited by the respective parties. (*Powers v. Board of Public Works*, 216 Cal. 546 [15 Pac. (2d) 156, 158]; *Rodgers v. Board of Public Works*, 208 Cal. 291 [281

Pac. 64]; *Gilbert* v. *Civil Service Com.,* 61 Cal. App. 459 [215 Pac. 97]; *Rodrigue* v. *Rodgers,* 4 Cal. App. 257 [87 Pac. 563].)

Section 10 of article XIII of the old charter provided: "The appointing officer shall notify the Commissioners of each position to be filled separately, and shall fill such place by the appointment of one of the persons certified to him by the Commissioners therefor. Such appointment shall be on probation for a period to be fixed by the rules of the Commissioners; but such rules shall not fix such period at exceeding six months. The Commissioners may strike off names of candidates from the register after they have remained thereon more than two years. At or before the expiration of the period of probation, the head of the department or office in which a candidate is employed may, by and with the consent of the Commissioners, discharge him upon assigning in writing his reason therefor to the Commissioners. If he is not then discharged his appointment shall be deemed complete. To prevent the stoppage of public business, or to meet extraordinary exigencies, the head of any department or office may, with the approval of the Commissioners, make temporary appointments, to remain in force not exceeding sixty days, and only until regular appointments, under the provisions of this Article, can be made." It will thus be seen that the old charter contemplated but two types of appointments, to wit: First, "regular appointments" made from the eligible list, which appointments were to be made on probation for not to exceed six months; and second, "temporary appointments" to remain in force only until "regular appointments" could be made. It is quite obvious as conceded by counsel that it was intended that such "temporary appointments" should be made only in the event that there was no list of eligibles from which "regular appointments" could be made. In order to avoid confusion with the word "temporary" as hereinafter used, we shall refer to "temporary appointments" mentioned in the old charter as "emergency appointments" as such appointments were to be made only "to prevent the stoppage of public business or to meet extraordinary exigencies" and were "to remain in force not exceeding sixty days and only until regular appointments" could be made.

Section 2 of said article XIII of the old charter read in part as follows: "no appointment shall be made to any such place, except in accordance with the provisions of this article and the rules adopted thereunder by the civil service commission". Section 3 thereof empowered the commission to "make rules to carry out the purposes of this article . . . " Purporting to act under the authority of said last-mentioned section, the commission adopted rules, among which was rule 33, reading as follows: "All positions which are expected by the appointing power to exist for a period of six months or over shall be considered, for the purposes of the rules of this Commission, as permanent positions. All other positions shall be considered as temporary positions, and appointments to temporary positions shall automatically expire at the end of four months. The probable period of employment must be specified by the appointing power in its requisition. This rule shall govern only appointments made after July 15, 1912." By this rule the commission attempted to classify positions as "permanent positions" and "temporary positions", which classification, regardless of the nature of the position, was to be arbitrarily based on the expectation of the appointing power as stated in its requisition made to the commission.

Turning to the facts in the present case we find that respondents' names appeared upon the eligible list and that each was appointed therefrom after certification by the commission and that each had been employed continuously in his position for a long period of time before his removal. Manley was employed from June 1, 1928, to April 8, 1932; McGillicuddy, McCarthy and Dunleavy were employed from November 28, 1930, to April 8, 1932; Savage was employed from December 2, 1930, to April 8, 1932; and O'Connell and Scully were employed from February 18, 1931, to April 8, 1932. The positions which they held were not abolished at the time of their removal and, as others were employed in their places, it is clear that the work continued and funds were available therefor.

The appointments of respondents were "regular appointments" in the sense that they were made after the commission had certified the names from the eligible list. In other words, they were not "emergency appointments" made only until "regular appointments" could be made. It is appel-

lants' contention, however, that despite the fact that each of the respondents served in his position in excess of the maximum probationary period of six months as provided in the charter, the appointment was not to be "deemed complete" under said section 10 of article XIII of the old charter as each of the respondents was appointed to what appellants term a "temporary position" as defined in the above-mentioned rule 33. This contention is based upon the procedure adopted in making the appointments. In each case the probable period of employment was estimated by the appointing power as less than six months and the employee was certified by the commission for "temporary employment" and each was appointed by the appointing power for "temporary employment". During the time respondents were employed, some, but not all, of them were put through the formality of certain successive re-appointments to their so-called "temporary" positions. The requisition in each case of re-appointment was in the following form: "This requisition is made to reestablish by new temporary appointment, the temporary position that will automatically expire on (date), under Civil Service Rule 33." It appears, however, that the last such appointment of McGillicuddy, McCarthy, Dunleavy and Savage was made on April 16, 1931; that the last such appointment of Manley was made on November 17, 1930; and that the only appointment of O'Connell and Scully was made on February 18, 1931.

In our opinion the trial court properly treated the positions to which respondents were appointed as "permanent positions". As was said in *Powers* v. *Board of Public Works, supra,* at page 392: " . . . if the position of painter, or granite cutter actually exists in practice with a reasonable degree of continuity and permanency, the courts are justified in treating the position as a permanent one within the meaning of the civil service provisions of the charter. . . . " The facts above stated show that each of the respondents had worked in his position continuously for approximately one year or more before his removal. Respondent Manley had worked continuously in his position for approximately four years with the exception of a short period on leave of absence in 1929. These positions could not be said to be temporary or seasonal. As respondents had worked in such positions in excess of the maximum probationary period fixed

by the charter, their appointments were to be "deemed complete" within the meaning of the old charter.

Appellants cite and rely upon *Gilbert* v. *Civil Service Com., supra,* and *Rodrigue* v. *Rodgers, supra,* but these cases are not in point. There the eligibles were classified as "ordinary clerks" from which "the extra clerks" mentioned in the charter were appointed for temporary or seasonal work in the various departments. A vital distinction is pointed out in *Rodrigue* v. *Rodgers, supra,* at page 261 of the opinion where it is said: "A further examination of the charter discloses that various positions are provided for, *which by the law of their creation are not continuous or permanent but are intended by the law to be for limited periods."* (Italics ours.) The court then proceeded to show that the positions designated as "extra clerks" were not permanent, but were of limited duration in contemplation of the charter creating them. In the present case the positions involved cannot be said to be temporary or seasonal "by the law of their creation". They were of the type of positions which ordinarily exist "with a reasonable degree of continuity and permanency" and the facts show that the particular positions involved did so exist.

■ Appellants' position with respect to the rule promulgated by the commission is "that an appointment to and acceptance of a position designated as 'temporary', gives to the appointee, under the rules of the civil service commission, a limited and qualified enjoyment of the same". We are of the opinion, however, that the commission had no power to adopt a rule whereby positions which were neither temporary in fact nor temporary by the law of their creation, could be designated temporary, thereby preventing the eligibles appointed thereto from acquiring permanent tenure after serving through the probationary period. Such a rule would not serve to "carry out the purposes" of the civil service provisions of the old charter as contemplated by section 3 of article XIII above set forth, but would tend to defeat said purposes. Under such a rule as interpreted by the commission, the appointing power could absolutely prevent eligibles from acquiring a permanent status merely by following the procedure adopted in the present case. Regardless of the true nature of the position or the length of time the appointee had served, such appointee could be removed at will,

according to appellants' theory, without cause and without a hearing merely because he had been appointed to a position designated under the rule as "temporary". There is no express authority found in the old charter for such rule and on the contrary we believe that it is violative of the general provisions of the old charter relating to civil service just as the so-called "one-year rule." was held to be violative of the specific requirements thereof. (*Powers* v. *Board of Public Works, supra; Rodgers* v. *Board of Public Works, supra.*)

Each of respondents having been regularly appointed from the eligible list to a position which was neither temporary in fact nor temporary by the law of its creation, and having served therein for a period in excess of the maximum probationary period provided in the old charter, had in our opinion acquired civil service rights which were protected by section 142 of the new charter. Respondents were not merely "emergency employees" as contended by appellants and the trial court correctly declared their rights accordingly.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., *pro tem.*, concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 20, 1933.