CITY OF TULSA v. McMILLAN.

No. 31397. Oct. 3, 1944.

Rehearing Denied Dec. 19, 1944.

*154 P. 2d 97.*

E. M. Gallaher, L. A. Justus, Philip J. Kramer, and C. Lawrence Elder, all of Tulsa, for plaintiff in error.

Eldon J. Dick and Lou Etta Bellamy, both of Tulsa, for defendant in error.

BAYLESS, J. City of Tulsa, Okla., a municipal corporation, and certain of its officials appeal from a judgment of the district court of Tulsa county in favor of F. M. McMillan. The action out of which this appeal arises is another of a group of similar actions filed by former members of the police department of the city brought on the theory that individually they were separated from the police department of the city in violation of the provisions of section 30, art. 11, of the city charter.

It is settled in this state since City of Tulsa v. Emmett Johnson, 193 Okla. 501, 145 P. 2d 198 (one of the same group of cases) that reductions in number in the police force, made by ordinance, to bring the expenditures of the department within the constitutional financial limits are not discharges within the purview of the section of the city charter above mentioned, and that officers so eliminated from the police department have no cause of action to recover salary on the theory that their removal was illegal. Insofar as the facts in this case are concerned, they are identical with the Johnson Case in respect to the purpose for McMillan's removal and the manner in which he was removed, and that case governs the similar issue in this case.

However, it was remarked in some of the earlier cases that if the policeman removed was actually succeeded by someone else appointed to take the particular position which he held, a different issue of law would be presented. In this case McMillan has endeavored to meet this test by a showing that another officer was assigned to his position, in that not only was a then member of the police force assigned to perform the duties which he formerly had performed but that five other new men were added to the force within a short time.

With respect to the first part of the argument thus advanced, we are of the opinion it is beside the point we were trying to make in the earlier cases. What we said can be taken to mean only that the city cannot under the guise of economy eliminate a policeman from its force and co-incidentally hire another man to perform his duties or otherwise fill the identical position thus ostensibly abolished. The plea of economy cannot be used as a subterfuge. The record clearly shows that a member of the force was assigned to cover McMillan's beat. The matter resolves itself into this: When McMillan was a member of the police force its members numbered 141, and after he and others had been released, under the new ordinance of organization, its members numbered 125, and it is obvious that these 125 had to perform, as far as practicable, the duties formerly performed by the 141, including those duties exclusively performed by McMillan. This aspect of the situation does not present a violation of McMillan's rights under the city charter.

The other part of the argument presents itself in two aspects. One, were the new men added through considerations that were violative of the spirit of McMillan's rights under the city charter? McMillan has not introduced evidence directly supporting this and his evidence can go no further than creating an innuendo. This has no force in the face of the evidence introduced by the city with respect to why these new men were added in the following period of time. It must be noticed that McMillan does not show or contend that the addition of these new men put the number of members beyond the limit of 125. Second, he contends that if he and others are eliminated from the police force for reasons of economy under the Johnson Case, they stand in a preferred position for rehiring in the event of vacancies and it is a violation of his and their rights for the city to hire new men. However, he does not cite any city ordinance, charter provision or decision of the courts of this state sustaining him. The city charter at the time this cause of action arose did not contain a comprehensive or detailed civil service act and goes no further than

674

prescribing that policemen can be removed only for cause after a hearing. The impact of the supervening constitutional powers upon this situation authorizes the elimination of policemen for reasons of economy; and there is no provision of law cited to us as authority for requiring the city to treat policemen thus eliminated as a preferred reserve from which new hirings are made. The case of Powers v. Board, 216 Cal. 546, 15 P. 2d 156, clearly demonstrates the difference between it and the case before us. As we read that decision, it seems there were several provisious of the city charter involved that are referred to as a civil service code administered by a civil service commission. In other words, the California courts had only to consider and apply existing city laws. We have none such before us.

The judgment of the trial court is reversed and the cause is remanded.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, WELCH, HURST, and DAVISON, JJ., concur.