[Civ. No. 16064.   Second Dist., Div. Three.   June 9, 1948.]

MONROE F. MATHERLY, Appellant, v. WAYNE R. ALLEN, as County Manager, etc., et al., Respondents.

Arthur R. Hemm and C. M. Kilpatrick for Appellant.

Harold W. Kennedy, County Counsel, Jesse J. Frampton and Earl O. Lippold, Deputy County Counsel, for Respondents.

SHINN, Acting P. J.—Plaintiff brought this action on his own behalf and on behalf of others alleged to be similarly situated against Wayne R. Allen, county manager of Los Angeles County, and other county officers, seeking a declaration that he is a permanent employee of a county fire protection district, subject to discharge only in the manner provided by the county charter for the discharge of permanent county employees in the civil service.  The judgment declared: "That plaintiff and all others similarly situated are not employees of the County of Los Angeles, but are employees holding temporary positions in one or another of the county fire protection

districts in Los Angeles County; that the employment of plaintiff and all others similarly situated may be terminated at any time, and plaintiff and others similarly situated separated from such temporary positions; that plaintiff and all others similarly situated have not obtained or acquired the status of permanent employees holding permanent positions in either the service of the County of Los Angeles or in any of the county fire protection districts of the County of Los Angeles." Plaintiff appeals.

On June 29, 1944, plaintiff was employed as a fireman by the Lomita County Fire Protection District of the County of Los Angeles, a public corporation organized and existing under the provisions of division 12, part 3, chapter 2, articles 1-13, inclusive, of the Health and Safety Code. He served as a fireman in that district and in others to which he was assigned until he received notice of discharge from his employment on or about October 1, 1946. Under the authority of section 14446 et seq., Health and Safety Code, employees of the several county fire protection districts were by resolution of the board of supervisors, adopted February 20, 1940, brought under the civil service provisions of the county charter and the rules, regulations and procedures of the Los Angeles County Civil Service Commission. On July 3, 1944, the board of supervisors, as the governing board of the Lomita County Fire Protection District, adopted a resolution which specified the number of permanent positions in said district as well as in other districts, as "captains . . . firemen" etc., and also provided that the county forester or fire warden was allowed additional temporary positions equal to the number of employees specified in the resolution. The resolution continued as follows: "provided, however, that persons may be appointed to any such temporary or as needed position only for the duration of the national emergency and for six months thereafter. Persons appointed to such positions shall not be deemed to be holding permanent positions, and by reason of any such employment shall not thereby acquire classified civil service status as permanent employees of the District. 16.2 Persons appointed to any such temporary or as needed positions may be separated from such temporary or as needed positions at any time. . . . 16.4 All of the temporary or as needed duration-of-national-emergency positions provided for by this section shall terminate six (6) months after the present national emergency shall have ended." Authority for the

action evidenced by the quoted provision is found in the county charter. In 1941, subdivision 10 of section 34, article 9 of the charter was amended so as to make it the duty of the civil service commission to adopt rules designed for the protection in their positions of permanent civil service employees who were absent from their positions while in the armed services of the United States. The amendment provided for reinstatement of such returned absentees to the positions, status, seniority and efficiency ratings in the positions which they held at the time of entry into the armed service, and further provided: " 'All persons appointed or transferred to fill such positions and all other persons appointed or transferred to other positions by reason thereof shall be deemed to be substitute employees and, notwithstanding any other provision of this charter, such substitute employees may be separated from such positions at any time unless they held positions subject to the provisions of this article immediately prior to appointment or transfer as substitute employees, in which event, and notwithstanding any other provision of this charter, they shall be reinstated without loss of status or seniority to the permanent positions which they held immediately prior to their first appointment or transfer as such substitute employees or to positions of like seniority and status, unless in the meantime such positions shall have been abolished. The Civil Service Commission shall conduct such examinations and promulgate such eligible lists of substitute employees as shall be necessary to carry this paragraph into effect. In the absence of any such list, substitute employees may be employed in the manner authorized for temporary employees as provided in paragraph (9) of Section 34 of this Article.' '' (Stats. 1941, ch. 2, Resolutions, pp. 3235 at 3237.) The civil service commission adopted rules under the heading "Special Provisions during National Emergency," providing for the establishment of registers or eligible lists under simplified procedures and examinations "for the recruitment of persons for temporary service only for the duration of the war or national emergency, as follows: . . . C. A 'competitive-temporary' eligible list may be established and maintained for any class of positions as the needs of the service require. Names of persons who have qualified by an open-competitive examination shall be placed on 'competitive-temporary' eligible lists in the order of their standing in examination, and appointments shall be made

from one of the three persons standing highest on such eligible lists.'' For the reason that it was impossible on account of conditions due to the war to fill positions in the fire protection service, and in other services, with employees who could meet the strict requirements for admission into the civil service under normal conditions, a simplified procedure was adopted for the selection of temporary employees under which applicants could take an examination at the time they filed their applications, and if they passed, be given immediate employment. This procedure pertained exclusively to temporary employment and the requirements with respect to examination and qualification for permanent employment were not changed. Plaintiff took and passed only the examination for such temporary substitute employment. Nothing in the charter or the rules of the civil service commission authorizes the appointment to a permanent position or on a permanent basis of an employee who has passed only this special simplified examination for temporary employment.

In March, 1944, bulletins were issued by the civil service commission inviting applications for employment as firemen and the preparation of a ''competitive-temporary'' eligible list to be used ''for temporary and substitute work, some of which may last for the duration of the war or national emergency.'' Plaintiff filed his application June 26, 1944, and was appointed three days thereafter.

Appellant contends that he is a permanent employee. He refers to the term he has served under his appointment and relies principally upon *McGillicuddy* v. *Civil Service Commission*, 133 Cal.App. 782 [24 P.2d 942], as supporting his position. A mere recitation of the facts of the McGillicuddy case distinguishes it from our case. McGillicuddy and others had been appointed to their positions from the eligible civil service list, under the old charter of San Francisco. The positions had been arbitrarily classified by the commission as temporary because it was thought they would not last for more than six months. All of the plaintiffs had served for longer periods. Under the old charter, if the positions they were holding were permanent positions they became regular employees at the expiration of six months' service. Although their civil service rights were continued by the terms of the new charter they were denied permanent status by the commission. The court upheld their claim to permanent status, declaring, in accordance with the holdings in *Rodgers* v.

*Board of Public Works,* 208 Cal. 291 [281 P. 64], and *Powers*
v. *Board of Public Works,* 216 Cal. 546 [15 P.2d 156], that
the positions were permanent for the reason that they were
such as ordinarily exist with a reasonable degree of continuity and permanency; that the appointments of the plaintiffs
were not ''emergency appointments'' such as could be made
under the charter only ''until regular appointments'' could
be made; that the commission was without authority to arbitrarily classify positions as temporary which were neither
''temporary in fact nor temporary in the law of their creation''; that the appointments were regularly made from the
eligible lists and that plaintiffs retained their permanent
status by virtue of the provisions of the new charter. In our
case plaintiff had not taken an examination such as the charter
required of applicants for appointment to permanent positions; he was not on an eligible list from which such an appointment could be made; the position of temporary substitute firemen which was intended to end with the emergency
which called it into existence was temporary in fact, and also
temporary in law, inasmuch as the charter and the resolution
of the board of supervisors, which constituted the only authorization for plaintiff's appointment, created only temporary
positions. The other cases upon which appellant relies were
decided on facts essentially the same as those in the McGillicuddy case, and are equally inapplicable.

Appellant quotes the following from section 37 of the charter: ''All persons in the county or township service holding
positions in the classified service as established by this Article,
at the time it takes effect, whether holding by election or by
appointment, and who shall have been in such service for the
six months next preceding, shall hold their positions until
discharged, reduced, promoted, or transferred in accordance
with the provisions of this Article.'' The provision has no
application. Plaintiff was not holding a position as fireman
at the time of the adoption of the charter. He also says that
under the charter provision is made that: ''. . . any person
who shall have been in service for six months, shall hold his
position until discharged, reduced, promoted or transferred
in accordance with the provisions of Article IX of the Charter.'' We find no such provision in the charter.

Appellant argues further that it was not proved that he
was appointed pursuant to the resolution of the board of su-

pervisors creating temporary positions. The record is to the contrary. The commission proceeded as directed by the resolution, appellant passed an examination and was appointed from one of the eligible lists thus created. He argues also that the only purpose of the charter amendment was to provide a scheme under which service men could return to their old positions and he claims that he could not be removed except to make way for a former employee who decided to reenter his permanent position. This argument is a mere assertion of appellant, unsupported by the record. It is clear that the charter provision under which substitute employees may be separated from temporary positions which are created as emergency positions, was designed also to maintain the efficiency of the service by the method of removing those holding temporary positions and placing in permanent positions others who are found to possess the higher qualifications prescribed for the holders of such positions.

All of the proceedings under review were had and taken under the authority conferred by the 1941 charter amendment to create temporary substitute positions in the civil service. A judgment which declared plaintiff to be the holder of a permanent position would nullify every step that has been taken under the charter as amended and would, in effect, create positions for which the charter makes no provision, and which the board of supervisors has not attempted to create.

Appellant's claim that the findings are insufficient to support the judgment is untenable. Facts were found which show clearly the temporary nature of the positions to which he and others similarly situated were appointed.

The judgment is affirmed.

Wood, J., and McComb, J. assigned, concurred.