[Civ. No. 18492.   Second Dist., Div. One.   Mar. 4, 1952.]

FRANCIS P. WELCH et al., Appellants, v. CITY OF LONG BEACH et al., Respondents.

Kenneth Sperry for Appellants.

Irving M. Smith, City Attorney, and Clifford E. Hayes, Deputy City Attorney, for Respondents.

DORAN, J.—The appellants filed this action for declaratory relief and requested the court to determine that appellants had acquired civil service status as inspectors in the police department of the city of Long Beach and were entitled to the salary attached to that rank. The trial court found against such contentions.

Under civil service regulations appellants had qualified for and had been employed by the city as patrolmen in the police department. Each of the appellants had, on July 31, 1947, taken and passed a promotional examination for the position of inspector, which examination resulted in a promotional eligible list upon which appellants' names were given, respectively, the 12th, 14th, 15th and 17th places. All promotions to the position of inspector were required to be filled by the appointment of the person next in line therefor on this list.

The trial court found that "under the terms of the salary ordinance then in force and effect, eighty (80) positions of Inspector were created, but the City Manager at no time authorized the filling of more than thirty-six (36) positions of Inspector; that under the provisions of the City Charter . . . the sole power of making appointments to fill positions in the Police Department . . . was vested in the City Manager."

It was further found that in 1947-1948 the chief of police had "assigned plaintiffs and each of them to work in the Detective Bureau of the Police Department," and that "thereafter plaintiffs were referred to as 'Acting Inspectors'; that the salary ordinance did not create any position designated as 'Acting Inspector'; that the foregoing assignments and each of them were necessary to carry on the work load of the detecive bureau; that at the time of their respective assignments, plaintiffs were then respectively next in line for appointment to the position of inspector upon the promotional

eligible list for said position, assuming that a sufficient number of appointments had been made to carry on the work load of the detective bureau; that after said assignments, plaintiffs and each of them performed substantially the same type of work and duties as were performed by the regularly appointed inspectors while working on the same shifts.''

It appears, and the trial court so found, that the chief of police had informed the city manager that additional inspectors were necessary but that the city manager failed and refused to appoint more than 36 inspectors, the reason given being an alleged lack of funds, although ''in truth and in fact there existed, and has continued to exist at all times, sufficient funds . . . to have defrayed the expense of such additional appointments as were necessary to carry the work load of the Detective Bureau,'' but that ''the City Manager was under no legal duty to make said appointments.''

It is contended by appellants that ''the essential facts as found by the trial court are contrary to the conclusions drawn therefrom and hence provide no support for the judgment''; that the trial court erred in determining that the city manager was under no legal duty to make a sufficient number of promotional appointments to the position of inspector to carry on the work load; and that ''Plaintiffs' right to appointment being solely dependent upon their standing upon the promotional eligible list may not be defeated by the failure of the city manager to perform his ministerial duties in this regard.''

As phrased by respondents, appellants' position is that ''actual vacancies existed in the position of Inspector . . . for the reason that sufficient Inspectors had not been appointed''; and that ''had the City Manager appointed sufficient Inspectors to perform the work load . . . the names of the appellants would have been reached for certification from the eligible list, and that appellants would have been appointed''; that since appellants had worked as ''Acting Inspectors'' for more than six months, ''appellants had acquired permanent status as Inspectors and were entitled to the pay fixed for said position. The respondents submit that the trial court correctly held that appellants had not acquired civil service status as Inspectors; that the City Manager was not required to appoint appellants to fill such positions, and that appellants have been paid in full for their services.''

Appellants' contention that the trial court's findings are contrary to and fail to support the judgment is without merit. As set forth in respondents' brief, it is evident that the ap-

pellants have not correctly analyzed the findings. or the issues involved. The trial court did not find that any actual vacancies existed in the position of inspector, and expressly found that appellants "were never appointed to the position of Inspector by the City Manager"; that the sole power of making appointments . . . was vested in the City Manager"; that notwithstanding assignments by the chief of police to the detective bureau and the use of the term "Acting Inspector" in reference to duties performed by appellants, no such position having been created by the salary ordinance, appellants "did not acquire the status of an Inspector," and were not entitled to any additional salary. The trial court's material findings are entirely consistent with the conclusions reached and the judgment rendered.

Section 88 of the charter of the city of Long Beach (Stats. 1921, p. 2088) provides that "The City Council shall appoint a City Manager who shall be the administrative head of the municipal government, and shall be responsible for the efficient administration of all departments, except the City Auditor, City Attorney, Police Court, and the Board of Education." As administrative head of the city, the city manager must of necessity exercise discretionary powers in the management of city affairs, and is not, as appellants seem to contend, a mere ministerial "figure-head."

As stated in respondents' brief, "The City Manager certainly has the right to determine if a condition exists which requires the appointment of additional Inspectors. . . . In the absence of abuse of discretion, for a court to hold that additional Inspectors shall have been appointed, would be for said court to take over the administration of the City of Long Beach and to replace the City Manager as administrative head of the City." In this respect it may also be noted that the present proceeding is not one of mandamus but merely an action for declaratory relief.

Appellants' argument is based upon two erroneous propositions; first, that an actual vacancy existed in the position of inspector; and second, that because appellants had been assigned to the detective bureau and for more than six months had performed duties similar to those of an inspector, the city manager was under a duty to appoint appellants as inspectors.

The proposition that an actual vacancy existed is predicated upon the assertion that more inspectors were needed to carry the work load. No pertinent authority has been cited

to sustain such proposition, and its approval would, as respondents say, amount to unwarranted judicial interference with city administration. The fact that 80 inspector positions had been authorized and that some 36 positions had been filled at the time in question in no manner strengthens appellants' position. There was no showing that any position which had formerly been filled by an inspector had become vacant or that any of the appellants had been assigned to fill any such vacancy.

The position taken in appellants' brief, that "plaintiffs are actually occupying the positions (of inspectors) in question," and that such occupancy "establishes rather conclusively that a vacancy in the position did exist," is clearly untenable. It is, moreover, inconsistent with the accompanying statement that "We are not contending that the Chief of Police had the power of appointment or that the assignments in question constituted appointments." Without actual appointment by someone having the legal authority to appoint, it is obvious that there can be no legal occupancy of such a position. There is nothing in the record to indicate that the appellants ever legally occupied any other position than that of patrolmen.

Under section 158 of the city charter, the chief of police had "the exclusive control of the stationing and transfer of all patrolmen . . ., under such rules and regulations as the City Manager may prescribe." Appellants' transfer to the detective bureau, a practice which, under the evidence, had been in existence for 20 years, carried with it no preferential benefit. It was, at best, in the nature of a training school for those who might later receive appointments as inspectors, but nothing more.

There was no such position as "Acting Inspector," nor was there any appointment to a "temporary position" as an actual inspector; hence such cases as *McGillicuddy* v. *Civil Service Com.*, 133 Cal.App. 782 [24 P.2d 942] in which employees sought to acquire a permanent civil service status after an actual "temporary appointment" for more than six months, are inapplicable. Likewise section 105 of the Long Beach charter, providing that "An appointment or promotion shall not be deemed complete until a period of probation not to exceed six months has elapsed," can afford appellants no relief since there were no appointments or promotions in the instant case, and no probationary period was involved.

By whatever name appellants may erroneously have been designated, the duties performed appear to have been within those fixed for patrolmen, namely, "to apprehend violators of laws and ordinances, and to assist in the prosecution of such violators, to prepare written reports of work done, *and to perform related work as required.*" (Italics added.) Nor is it helpful to appellants' case that there may have been some overlapping of duties between the work of actual inspectors and patrolmen assigned to duties in the detective bureau. Likewise, appellants cannot rightly be said to have been working "out of classification," in violation of section 1 of Civil Service Rule XVII.

The well known maxims that "The law looks to substance rather than to form," and "That which ought to have been done is to be regarded as done, in favor of him to whom, and against him from whom, performance is due," (Civ. Code, § 3529) helpful in many situations, can afford no authority in the instant case for "a court to step in and become the administrative head of the city," as phrased in the respondents' brief. Appellants have cited no pertinent cases, either in California or elsewhere, which would justify such action under the factual situation here presented.

Decisions such as *Ballf* v. *Civil Service Com.*, 43 Cal.App. 2d 211 [110 P.2d 478], holding that the commission was obliged to certify appellant's name which was first on an eligible list rather than that of the person whose name stood ninth on the list, and others dealing with entirely dissimilar facts, are not authorities in support of the position here urged by appellants.

The record contains evidence in support of the findings and judgment; and no prejudicial errors appear to have been committed by the trial court. Appellants' contentions are without merit.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 1, 1952.