Rosan VENEGAS, Plaintiff–Appellant,

v.

MADERA COUNTY, a public entity; Madera County Board of Supervisors; Bill O'Brian, an individual and as an agent of County of Madera, Defendants–Appellees.

No. 99–17420.

D.C. No. CV–98–05994–AWI/SMS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2001.

Decided May 3, 2001.

Before BEEZER, O'SCANNLAIN and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Rosan Venegas appeals the district court's order granting summary judgment in favor of Madera County, Madera County Board of Supervisors and Bill O'Brian (collectively, "County") on her 42 U.S.C. § 1983 action. She argues that the court (1) improperly concluded that she did not have a property interest in her continued County employment, which would entitle her to a due process hearing; (2) incorrectly found that her claimed liberty interest was not violated when County terminated her employment based on false theft charges; and (3) improperly determined that County afforded her adequate due process by giving her an opportunity to refute the charges and clear her name.

We have jurisdiction, 12 U.S.C. § 1291, and we affirm.

We review a grant of summary judgment de novo, *Weiner v. San Diego County,* 210 F.3d 1025, 1028 (9th Cir.2000), and may affirm on any ground supported by the record, *Lujan v. Pacific Maritime Ass'n,* 165 F.3d 738, 741 (9th Cir.1999).

With respect to Venegas' claim that she has a constitutionally protected interest in her continued County employment, Venegas has failed to establish a legitimate claim of entitlement to such a benefit. *See Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Llamas v. Butte Cmty. Coll. Dist.,* 238 F.3d

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1123, 1128 (9th Cir.2001). · Neither the holding in *McGillicuddy v. Civil Service Commission,* 133 Cal.App. 782, 24 P.2d 942 (1933), nor Venegas' references to the California Constitution and Labor Code furnish a basis for establishing a property interest under the facts of this case. Venegas admitted in her deposition testimony that (1) she knew her position was temporary and part-time; (2) she knew she was ineligible to apply for a permanent position until she passed the required written examination; and (3) she had no cause to believe that her supervisor had the authority to exempt her from the examination and make her position permanent. These admissions defeat her claim of entitlement based on "mutually explicit understandings ." *See Perry v. Sindermann,* 408 U.S. 593, 600–02, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

■ Although dismissal based on a charge of theft is sufficient to implicate liberty interests, *Vanelli v. Reynolds Sch. Dist. No. 7,* 667 F.2d 773, 777 (9th Cir. 1982), Venegas has not shown that her liberty interest was violated. County satisfied the requirements of due process by affording Venegas an opportunity to refute the charge and clear her name in the Special Incident Report. *See Bd. of Regents,* 408 U.S. at 573 n.12, 92 S.Ct. 2701.

AFFIRMED.