**Evelyn JENKINS, Plaintiff—Appellant,**

v.

**COUNTY OF RIVERSIDE; Kenneth B. Cohen, in his official capacity, Defendants—Appellees.**

No. 00–56293.

D.C. No. CV–99–05476–SVW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2001.

Decided Jan. 7, 2002.

Before T.G. NELSON, W. FLETCHER, Circuit Judges, and AIKEN,* District Judge.

MEMORANDUM **

---

* Honorable Ann L. Aiken, United States District Judge for the District of Oregon, sitting by designation.

** This disposition is not appropriate for publi-

As the facts are known to the parties, we do not recite them here, except as necessary to explain our holding. We review the district court's grant of summary judgment de novo. *Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir.2000). The court's interpretation of applicable California law is also reviewed *de novo*. *Salve Regina College v. Russell*, 499 U.S. 225, 231, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). We review Jenkins' claim that the court prejudiced her by setting an accelerated schedule for abuse of discretion. *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir.1993).

On July 26, 1999, Evelyn Jenkins filed her First Amended Complaint; the county answered on August 12, 1999. The district court issued a tight pre-trial schedule, setting a pre-trial conference for September 27, 1999 and trial for October 5, 1999, just 54 days after the answer was filed. On August 27, following the "Early Meeting of counsel" required by local rule, the parties submitted a joint stipulation requesting that the court extend the pre-trial period to allow for discovery. The court denied the request, and no discovery was conducted. On September 14, 1999, the county filed a motion for summary judgment, setting argument for October 4, 1999–one day before the scheduled trial date. The court granted summary judgment for the defendant county on Jenkins' § 1983 suit, dismissing her remaining state-law claims. *See* 28 U.S.C. § 1367(c). Jenkins timely appealed.

Whether Jenkins was a regular employee and therefore held a property right in her employment with the County of Riverside is "defined by reference to state law, including city ordinances." *Canfield v. Sullivan*, 774 F.2d 1466, 1467 (9th Cir. 1985). *See also Portman v. County of*

*Santa Clara*, 995 F.2d 898, 905 (9th Cir. 1993); *Miller v. State of California*, 18 Cal.3d 808, 813–14, 135 Cal.Rptr. 386, 557 P.2d 970 (1977). The governing statute, Ordinance 440, provides that a "regular position is a position established by this ordinance *on an ongoing basis*, as distinct from a seasonal or temporary position. 'Regular employee' means a holder of a regular position." Ordinance 440, § 1(u)(emphasis added). Although the ordinance distinguishes a "temporary" from a "regular" employee, "temporary" is not defined in the ordinance. *See id.*, § 1(w)(" 'Temporary employee' means an employee who is not a regular or seasonal employee.").

Jenkins argues that notwithstanding the county's designation of her as a "temporary" employee, she was a regular, rather than a temporary, employee under the terms of Ordinance 440. The ordinance restricts temporary employees to working only 1040 hours of "substantially continuous service" during any one-year period. Ordinance 440, § 6. The ordinance provides for extensions of up to two successive periods of 520 hours upon "good cause to be specified in writing by the department head, bearing the approval of the Chief Administrative Officer and filed with the Personnel Director." *Id.* The ordinance further allows for extensions of temporary employment beyond 2080 hours in the event of "unusual circumstances" upon approval by the Board of Supervisors. *Id.* It is undisputed that despite Ordinance 440's limit on temporary employment, Jenkins worked full-time and continuously as an Office Assistant II ("OA II") for six years without the extensions required by the ordinance.

cation and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

In *McGillicuddy v. Civil Service Comm'n*, 133 Cal.App. 782, 24 P.2d 942 (1933), the California appellate court found that city transit workers designated as "temporary" or "emergency" by their employer, but who had been employed for continuous terms and were eligible for regular employment, were regular employees under the terms of the controlling statute. The statute provided for only two types of employment: "'regular appointments' made from the eligible list" and "'temporary appointments.'" 133 Cal. App. at 784, 24 P.2d 942. The employing Commission adopted implementing rules, one of which provided that "positions which are expected by the appointing power to exist for a period of six months or over shall be considered ... permanent positions. All other positions shall be considered as temporary positions, and appointments to temporary positions shall automatically expire at the end of four months." *Id.* at 785, 24 P.2d 942. Even though the plaintiffs had been appointed to positions designated as "temporary positions," the court deemed the employees permanent because the positions at issue were not truly temporary. The employees were appointed from a list of individuals eligible for permanent employment, and the employees each served in the same capacity for one to four years. "The positions involved cannot be said to be temporary or seasonal by the law of their creation. They were the type of positions which ordinarily exist with a reasonable degree of continuity and permanency ...". *Id.* at 787, 24 P.2d 942.

Jenkins argues that because her position was not of a fixed or limited duration, because she was knowingly treated as a regular employee, and because the terms of her employment violated Ordinance 440's provisions for temporary employment, she is a regular employee under Ordinance 440. Both parties agree that if Jenkins was in fact a regular employee,

she held a property interest in her public employment and her summary termination constituted a due process violation. *See Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

The employing county argues that because Jenkins held one of the 16 OAII positions designated as "temporary positions" at the hospital where she worked, she was always a temporary employee, regardless of the actual characteristics of her employment. In other words, the county argues, Jenkins was a temporary because the county says she was. However, Jenkins' classification on the county records as "temporary" does not necessarily mean that she cannot show she was actually a regular employee. The *McGillicuddy* court rejected a similar argument where the transit commission's hiring practices did not conform to the statutory requirements. "[T]he commission had no power to adopt a rule whereby positions which were neither temporary in fact nor temporary by the law of their creation, could be designated temporary, thereby preventing the eligibles appointed thereto from acquiring permanent tenure." 133 Cal.App. 782, 787, 24 P.2d 942. Similarly, in *Villain v. Civil Service Comm'n of San Francisco*, 18 Cal.2d 851, 117 P.2d 880 (1941), the California Supreme Court noted that something more than mere appellation by the employer is required to make an employee temporary. Although the court rejected a claim that temporary office workers in San Francisco's welfare department had gained permanent status by virtue of their long-term employment, the Court did not hold that the employees were temporary simply because the hiring agency said they were. Rather, the *Villain* Court went on to discuss the fact that "[t]he standard of classification established by [the statute] is not arbitrary, unreasonable, or unjust.... The rule does not and could not empower the commission to des-

ignate as temporary a position which is neither temporary in fact nor by the law of its creation, or to hold a position permanent in fact within the meaning of [the statute], indefinitely under a temporary designation." *Id.* at 856–57, 117 P.2d 880. *Villain* and *McGillicuddy* thus suggest that if Jenkins' position was "neither temporary in fact nor by the law of its creation," she might not have been a temporary employee under Ordinance 440.

Summary judgment is appropriate only if the parties do not dispute genuine issues of material fact. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The parties dispute whether Jenkins was "qualified" for regular employment with the county. This dispute is important because the California caselaw recognizing a right to regular employment when an employee classified as temporary is in fact performing as a regular employee, requires that the employee be qualified for the regular employment. *See, e.g., McGillicuddy,* 133 Cal.App. 782, 24 P.2d 942; *Welch v. City of Long Beach,* 109 Cal.App.2d 561, 241 P.2d 26 (1952); *Ticknor v. City of Sacramento,* 80 Cal. App.2d 284, 181 P.2d 893 (1947); *Campbell v. Board of Commrs.,* 76 Cal.App.2d 399, 173 P.2d 58 (1946). The district court found that there was no genuine issue of material fact as to whether Jenkins was qualified for a regular position with the county, as she presented nothing but her own "conclusory statements" to support her assertion that she was qualified. But Jenkins points out that the reason she had no evidence aside from her own "conclusory statements" to support her claim that she was qualified for a regular OA II position was that the court's accelerated schedule prevented her from conducting discovery. Her inability to conduct discovery also prevented Jenkins from requiring the county to answer other questions going to the issue of whether it employed her (and others like her) in a bona fide tempo-

rary capacity, or whether such employment circumvented Ordinance 440's requirements.

The county contends that by failing to move under Fed.R.Civ.P. 56(f) for a continuance of the summary judgment motion, Jenkins waived her ability to argue that she was afforded insufficient opportunity for discovery prior to the judgment. However, "[w]here the district court is aware of the party's concerns with [a ruling], and further objection would be unavailing, we will not require a futile formal objection." *Gulliford v. Pierce County,* 136 F.3d 1345, 1348 (9th Cir.1998). Jenkins made clear to the district court her objection to its accelerated schedule and denial of discovery. In the six weeks prior to the summary judgment hearing, she twice requested a continuance of the trial dates and the opportunity to conduct discovery. Her failure to make a specific motion under Rule 56(f) prior to summary judgment does not bar her appeal here.

Finally, we hold that Jenkins' equal protection challenge to the county's personnel scheme is not cognizable on appeal. Jenkins did not raise an equal protection claim in her complaint or amended complaint; rather, she first articulated it in her Opposition to the County's Motion for Summary Judgment. Jenkins mentioned but did not develop her equal protection argument during the summary judgment hearing before the district judge. Most importantly, the district court did not rule on the claim. We decline to rule on it here.

We REVERSE the grant of summary judgment in favor of defendants and REMAND so that the district court can afford Jenkins an adequate opportunity for discovery prior to any ruling on the merits of her suit.